Warner, Chief Justice.
The defendant was indicted for the offense of arson, and-charged with burning an occupied dwelling house, the same not being in a city, town or village. On the trial of the defendant, the found a verdict of and recommended *him to the mercy of the Court. A motion was made for a new trial, on the several grounds set forth in the record, which the Court overruled, and the defendant excepted. There was no error in overruling the motion for a continuance of the case.
1. Excitement in the public mind, and excited public feeling in the county in which a crime has been committed, is not alone sufficient to authorize a continuance of a case, the more especially-since the Constitution authorizes a change of venue for the trial, when the presiding Judge is satisfied that an impartial jury cannot be obtained in the county where the crime was committed.
2. There was no error by the Court in allowing Menard, the 'juror, to be set aside by the State for cause, when he stated, on oath, that he was conscientiously opposed to capital punishment. The defendant might be punished with death for the offense *91 charged in the indictment, unless the jury, by their verdict, should recommend otherwise, under the provisions of the Code.
3. There was no error in'the refusal of the Court to compel the witness, Day, to answer whether he had not, during the present term of the Court, pleaded guilty to the charge of simple larceny, larceny from the house, burglary and arson, for the purpose of degrading and impeaching the witness; the record of his plea of guilty to such charges was the highest and best evidence of the facts.
4. Nor do we find any error in the refusal of the Court to charge' the jury as requested, or in the charge as given, “that the finding of goods stolen from the burnt house in the possession of the prisoner, would not be proof of arson, still, it is a circumstance, connected with other evidence, which you may consider in making up your verdict.”
5. There was no error in the charge of the Court to the jury in relation to the dwelling house being occupied, in view of the evidence in the record. The witness Russell states that he occupied the house, left it m the morning, returned same evening, and found the house burnt down; his wife left the *house the same day, left his goods and some money in the house; there was no one in the house at the time it was burnt. Where a man, or a man and his family, or a woman, or a woman and her family, are living in a dwelling house, and have their household effects, or valuable articles in such dwelling house, and are temporarily absent at church, or on a visit to a neighbor, or on business, and the dwelling house is burnt during such temporary absence, it is the burning of an occupied dwelling house within the meaning of the statute, although no one was in the dwelling house at the time it was burnt. ' The object of the statute is to protect the home of the occupants of a dwelling house and their property therein, from the torch of the incendiary, and it is none the less their home, their dwelling house, because temporarily absent therefrom.
6. In the case of Stallings vs. The State, 47th Georgia Reports, 572, this Court held that it was the duty of the Court below to have charged the jury, where a defendant was indicted for arson, under the 4311th section of the Code, that they could, by their verdict, if they saw proper to do so, recommend that the defendant be punished by imprisonment in the penitentiary for life, and if they had so recommended, then it would have been the duty of the Court to have commuted the penalty of death, in accordance with such recommendation. The charge of the Court to the jury in this case, is not fully set forth in the record, but we are bound to presume that the Court charged the law correctly in relation to that point in the case, and if it did, the verdict is an illegal verdict. If the jury intended by recommending the prisoner to the mercy of the Court in their verdict, that the penalty of death should be commuted to imprisonment for life in the penitentiary, then their verdict is not a legal verdict for that purpose, and the Court cannot commute the punishment under *92 i't. The verdict, under the law, if they did not intend the'punishment of death should be commuted, should have been a verdict of guilty generally. If the'jury did intend, by their verdict that the penalty of death should be commuted to imprisonment for life in the penitentiary, then, under the law, *they should have so recommended. The recommendation of the prisoner to the mercy of the Court did not authorize the Court, under the law, to commute the penalty of death. The verdict, therefore, under the law applicable to this class of cases, in which the penalty of death may be commuted, was an illegal verdict, and should be set aside.
Let the judgment of the Court below be reversed, and a new trial ordered.