## HALL v. THE STATE.

1. In passing upon a ground of a motion for a new trial based upon alleged expressions of opinion of jurors before the trial as to the guilt of the accused, the trial judge occupies the place of a trior, and his finding that the jurors were competent will not be reversed unless under all the facts the discretion of the judge was manifestly abused.

2. While the testimony of a witness whose evidence goes to the jury through the medium of dying declarations is to be considered under the same rules that govern them in determining the credibility of other witnesses

who testify from the stand, the failure of the judge to charge upon the subject of such rules will not be a sufficient reason for granting a new trial, in the absence of an appropriate and timely written request asking instructions upon the subject.

3. The evidence authorized the verdict, and the judgment refusing the new trial will not be disturbed.

Argued December 18, 1905.— Decided January 12, 1906.

Indictment for murder. Before Judge Freeman. Coweta superior court. October 18, 1905.

*W. C. Wright, W. L. Stallings, B. F. McLaughlin,* and *J. W. Shell,* for plaintiff in error. *John C. Hart, attorney-general, J. R. Terrell, solicitor-general, W. G. Post,* and *H. A. Hall,* contra.

COBB, P. J. Hall was convicted of the offense of murder, and sentenced to the penitentiary for life. He assigns error upon the refusal of the judge to grant him a new trial.

1. It is alleged in the motion that two of the jurors who were selected for the trial of the case were not impartial. Numerous affidavits appear in the record as to statements claimed to have been made by these jurors prior to the trial, indicating that their minds were not in such condition as that they could accord to the accused a fair trial. There also appear the affidavits of these two jurors in which they either deny or explain the statements accredited to them, each swearing that at the time they were sworn upon their voir dire and selected their minds were perfectly impartial, and they went into the trial of the case free from bias or prejudice either on the one side or the other, and that the verdict to which they agreed was the result of a conscientious consideration of the evidence produced. Under such circumstances the judge was the trior who was to pass upon the question of the competency of the jurors, and his judgment will not be reversed unless it is apparent from the record that he has abused the discretion which the law vests in him. *Perry* v. *State,* 117 *Ga.* 719, and cit. See also *King* v. *State,* 119 *Ga.* 427. No such abuse of discretion has been shown as to authorize this court to interfere.

2. Complaint is made that the court erred in failing to charge the jury that in considering the weight and credit to be given to the alleged dying declarations of the deceased, the character of the deceased for wickedness and his disregard of the laws of God should be taken into consideration by the jury. The credibility of

witnesses whose testimony goes to the jury through the medium of dying declarations is subject to the same attack, and should be determined under the same rules governing the testimony of living witnesses who testify upon the stand. Such a witness may be impeached by proof of contradictory statements, by proof of general bad character, or in any other way in which the law authorizes the impeachment of a witness. In *Nesbit* v. *State*, 43 *Ga.* 238, Mr. Chief Justice Lochrane said: "The peculiar character of the deceased for wickedness and disregard of the law of God in his outpourings of blasphemy would have invoked the consideration of the jury; for if a man, even without hope of life in this world, nevertheless without belief in God or in the divine revelation, while his declarations would be admissible, their weight and consideration should be weighed by the jury." See also 10 A. & E. Enc. L. (2d ed.) 384. While all of this is true, in order to render the failure of the judge to charge upon the subject available for an assignment of error, it must appear that there was a timely and appropriate written request; and as none appears in the present case, the failure of the judge to charge upon the subject, even if the evidence was of such a character as to authorize it, is not a sufficient reason for reversing the judgment.

3. The evidence in behalf of the State made out an atrocious case of murder. The claim of self-defense set up by the accused in his statement bears the evident impress of afterthought. The credibility of the witness whose dying declarations were introduced was a question for the jury, and as they have resolved the case by believing this testimony, and as the trial judge has declined to interfere with their finding, under the established rules of this court his discretion will not be interfered with.

*Judgment affirmed. All the Justices concur.*