SLAPPEY *v.* SUMNER, administrator, *et al.*

ATKINSON, J. 1. After a witness has testified on the trial of a case, an indictment, without more, previously found, charging him with embezzlement, is inadmissible in evidence for the purpose of impeaching him. See, in this connection, *McCray* v. *State,* 134 *Ga.* 416 (68 S. E. 62); *Killian* v. *Georgia Railroad & Banking Company,* 97 *Ga.* 727 (25 S. E. 384) ; *Gardner* v. *State,* 81 *Ga.* 144 (7 S. E. 144).

(*a*) After admitting the indictment, it was error for the court to instruct the jury that it could be considered in passing upon the credibility of the witness.

2. Upon the trial of an action instituted against an administrator for the purpose of establishing the fact that the plaintiff was an heir at law of the defendant's intestate, and to recover her distributive share of the estate, though as a witness for the plaintiff the plaintiff's husband had testified as to friendly relations with the intestate, and that during the last years of his life the intestate had lived at the home of the witness, it was error to admit in evidence, over the objection that it was irrelevant, an execution in favor of the administrator of the deceased against plaintiff's husband.

3. The provisions of the Civil Code of 1895, § 5192 (Code (1910), § 5780), as to the admissibility of admissions of privies in blood, etc., and the inadmissibility of their declarations after title has passed out of them, had no relevancy to the case on trial, and should not have been given in charge to the jury.

4. There was evidence tending to show that the intestate had made admissions to the effect that the plaintiff was one of his heirs at law. The court instructed the jury: "If any admissions have been testified to before you as having been made as to any matters material to the issues in this case, I charge you that admissions should be scanned with care and are to be considered, if at all, by you in determining the truth or falsity of the issue to which such admission may or may not relate." The use of the words "if at all," might have had a tendency to mislead the jury into the belief that they might have arbitrarily declined to consider the admission, and it would have been better to omit them.

5. Certain grounds of the motion for new trial with respect to newly discovered evidence and the alleged disqualification of certain jurors need not be considered, as a new trial must be granted on other grounds, and the questions presented will not likely arise on another trial

6. The evidence did not demand the verdict.

7. Except as above stated, none of the other assignments of error require the grant of a new trial.

*Judgment reversed. Beck, J., absent. The other Justices concur.*
AUGUST 18, 1911.

Equitable petition. Before Judge Frank Park. Worth superior court. August 17, 1910.

*J. J. Forehand* and *Shipp & Kline,* for plaintiff.

*Claude Payton, J. G. Polhill, Mark Tison, L. D. Passmore, T. R. Perry,* and *J. H. Tipton,* for defendants.