### 3896.  ROBINSON *v.* THE STATE.

HILL, C. J.  1. "The credibility of witnesses whose testimony goes to the jury through the medium of dying declarations is subject to the same attack, and should be determined under the same rules governing the testimony of living witnesses who testify upon the stand." Where, therefore, the State introduces in evidence a dying declaration, and the accused attacks the credibility of the declarant, by proof of general bad character, or in any other way in which the law authorizes the impeachment of witnesses, it is the duty of the court, in response to an appropriate and timely written request, to instruct the jury that the dying declaration, as evidence, should be considered under the same rules that govern in determining the credibility of witnesses who testify from the stand. *Hall* v. *State*, 124 *Ga.* 651 (52 S. E. 891); *Nesbit* v. *State*, 43 *Ga.* 238.

2. The exception to the charge of the court on the subject of dying declarations is fully controlled by the decision of a majority of this court in the case of *Darby* v. *State*, 9 *Ga. App.* 700 (72 S. E. 182).

3. According to the evidence, the decedent had previously made an assault with a deadly weapon upon the accused. It was a question for the jury to determine whether, between this assault and the homicide, sufficient "cooling time" had elapsed. So the law of voluntary manslaughter was involved.                    *Judgment reversed.*

DECIDED JANUARY 30, 1912.

Conviction of manslaughter; from Washington superior court—Judge Rawlings. November 13, 1911.

*John R. Cooper,* for plaintiff in error.

*Alfred Herrington, solicitor-general,* contra.