## HOWARD *v.* THE STATE.

1. Dying declarations, in order to be admissible, must be made by a person in the article of death, who is conscious of his condition, as to the cause of his death and the person who killed him.

(*a*) Accordingly it is error, on the trial of one accused of murder, to allow a witness to testify that he called another, who asked the person shot if he was going to die, and he "said he was if they did not do something for him," and the witness then said, "You are going to die; and who is it that shot you?" and the person shot said, "Hack Howard" (the defendant), "and we went out, and he died pretty soon after that; I do not remember how long."

(*b*) It was likewise error to permit a witness to testify as follows: He asked the wounded man who shot him, and he said the defendant.

And "he said he believed he was going to die if they did not do something for him, he would not get up from there. The dead man told Mr. Hansford that if they did not let him get up he would die."

2. Where .it is sought to discredit a witness on account of his previous conviction of crime, the judgment of the court in which he was convicted is the highest evidence of the fact; and it is error to permit a witness, over objection, to testify as to his conviction for certain offenses.

(*a*) But a witness can not be impeached by showing his conviction for a misdemeanor, it not appearing that the offense was one involving moral turpitude.

3. The charge referred to in the third division of the opinion does not require a new trial, in view of the judge's certificate thereto.

4. The failure of the trial judge to instruct the jury upon the rule as to when and how dying declarations may be discredited, in the absence of a timely written request therefor, is not cause for a new trial.

5. The evidence did not authorize a charge on the law of voluntary manslaughter.

OCTOBER 12, 1915.

Indictment for murder. Before Judge Meadow. Oglethorpe superior court. May 24, 1915.

*Sibley & McWhorter* and *Joel Cloud,* for plaintiff in error.

*Clifford Walker,* attorney-general, *Thomas J. Brown,* solicitor-general, *Paul Brown,* and *Mark Bolding,* contra.

HILL, J. Hack Howard was tried for the offense of murder, and the jury returned a verdict finding him guilty, with recommendation to mercy of the court; and he was thereupon sentenced to hard labor in the penitentiary for the term of his natural life. His motion for a new trial having been overruled, he excepted.

1. On the trial of the case the court admitted, over objection of the defendant's counsel, the following evidence of T. B. Hansford, a witness for the State: "I called Joel Bacon, and Joel asked him [Tom Gresham] if he was going to die, and he said he was if they did not do something for him; and I said, 'You are going to die; and who is it that shot you?' and he said 'Hack Howard,' and we went out, and he died pretty soon after that; I do not remember how long." And also the following evidence of J. F. Bacon, a witness for the State: "I do not know when he [Tom Gresham] died. I was not there when he died. I was there when Mr. Hansford testified about. Mr. Hansford asked him if he knew me, and he said he did, and I asked him who shot him, and he said that Hack shot him. He said he believed he was going to die if they did not do something for him, he would not get up from there. The dead

man told Mr. Hansford that if they did not let him get up he would die." In order for declarations of one to be admissible in evidence as dying declarations, they must be made by a person in the article of death, who is conscious of his condition, as to the cause of his death and the person who killed him. Penal Code, § 1026. In each instance the language of the deceased as to his condition was qualified. In the one instance, he said he was going to die "if they did not do something for him;" and in the other, that "he believed he was going to die if they did not do something for him, he would not get up from there," and "if they did not let him get up he would die." These declarations indicate on their face that the deceased had not abandoned all hope of living; and unless he made them under a sense of impending death and without hope of recovery, they were not admissible as dying declarations. They must be made in the article of death, and the one making them must be conscious of his condition. Adwell v. Commonwealth, 17 B. Mon. (Ky.) 310, 317; authorities in note in 56 L. R. A. 353. The court erred in admitting in evidence the alleged dying declarations, over the objection of the defendant.

2. Error is assigned on the ruling of the court upon the following evidence of Will Bolton, a witness for the defendant, who testified on cross-examination: "I have worked in the chain-gang two years. It was for toting concealed weapon. I have been convicted three times. Once for a pistol, I hit a fellow with a pitchfork on the Central Railroad, and I went to the road once in Greene county. I am now indicted for assault with intent to murder. I shot at Frank Hansford." Objection was made that the record was the best evidence, and that the matter testified about was irrelevant. The court ruled that anything with reference to Frank Hansford went out, but what the witness testified about "working on the chain-gang stays in." It is insisted that permitting the evidence of the witness about working on the chain-gang to stay in was error, for the reason that it was not a proper way to impeach a witness, it not appearing by legal evidence that the witness had been convicted of any crime involving moral turpitude or that should discredit him as a witness. We think both grounds of objection are sound. The judgment of the court in which conviction was had is the highest evidence of the fact, and should be produced. *Johnson* v. *State*, 48 *Ga.* 116 (3) ; *Slappey* v.

*Sumner,* 136 *Ga.* 692 (71 S. E. 1075) ; *Beach* v. *State,* 138 *Ga.* 265 (75 S. E. 139). Under former rulings of this court, a witness can not be discredited by showing his conviction for a misdemeanor. it not appearing that the offense for which he was convicted was one involving moral turpitude. *Andrews* v. *State,* 118 *Ga.* 1 (43 S. E. 852).

3. Complaint is made of the following charge of the court: "Now, if there is any evidence offered in this case as to a dying declaration, you have a right and it is your duty to consider all the facts and circumstances under which such declaration was made, and you are to determine whether or not whatever declarations are offered, whether or not the party making those declarations was in the article of death, and, if so, was he conscious of his death. Such declarations are admitted on the idea that they would come in under the sanctity of an oath, but these declarations, like all other evidence,—the weight to be given it is such weight as you believe it is entitled to have under all the facts and circumstances of the case." The court as to this ground of the motion certified: "On admitting the evidence, replying to objection of defendant's counsel, the court read to the jury the statute relative to admissibility of dying declarations, and stated to the jury, 'I have permitted this testimony to go before you for you to pass upon, under all the evidence accompanying this statement as to his condition, which is offered as a dying declaration. You are to determine, under this section of the law, whether he was in a dying condition or not at the time he made this statement, if he did make it, and determine whether or not he was conscious of that condition at the time. If he was not in the article of death and was not conscious of his condition, you would not weigh this evidence." While the above charge is not entirely accurate, yet, in view of the certificate of the presiding judge relative thereto, it might not be sufficient cause for a new trial, standing alone. But we think it is not desirable for a trial judge, in charging the jury, to give his reasons for admitting evidence.

4. The defendant sought to discredit the alleged dying declarations by proof that the deceased had declared that he did not know who shot him. Error is assigned because the court failed to instruct the jury that such declarations, if admissible, might be discredited by proof of contradictory statements previously made by

the deceased. It is not cause for a new trial that the trial judge failed to charge the jury as to discrediting dying declarations by proof of contradictory statements, if any, made by the deceased, in the absence of a timely written request that such charge be given. *Hall* v. *State,* 124 *Ga.* 649 (52 S. E. 891).

5. The evidence did not authorize a charge on the law of voluntary manslaughter:

As the case goes back for another trial, we express no opinion on the sufficiency of the evidence.

<div align="center">

*Judgment reversed. All the Justices concur.*