### 11752. TUGGLE v. FISK RUBBER COMPANY.

JENKINS, P. J. Certain goods shipped by the plaintiff to the defendant were destroyed by fire without fault on the part of the defendant. The sole issue on the trial was whether the goods had been sold or consigned. If they were sold, the defendant was liable for the purchase-price as sued for; but if consigned, the plaintiff could not recover. The jury found for the plaintiff. *Held*:

1. The verdict was authorized by the evidence.

2. A ground of the motion for a new trial assigning error as follows: "Because movant alleges the court erred in admitting in evidence, over defendant's objection, a certain contract dated November 13th, 1917," cannot, under previous rulings, be considered by this court. *Bacon* v. *Dannenberg Co.*, 24 *Ga App.* 540, 541(8) (101 S. E. 699); *Webb* v. *Slaton*, 24 *Ga. App.* 188(1) (100 S. E. 227).

3. The plaintiff was entitled to introduce copies of the sale invoices accompanying the goods involved in the suit, after having served defendant with notice to produce the originals, it appearing that the originals had been destroyed by fire. The ground complaining of the introduction of such copies is therefore without merit.

4. Whether or not the court erred in allowing the introduction of original orders, showing other recent previous purchases by the defendant from the plaintiff of similar articles (see *Jones* v. *Teasley*, 25 *Ga. App.* 784(3), 105 S. E. 46), the defendant having himself testified to just such purchases (see *Swift Mfg. Co.* v. *Cunningham*, 24 *Ga. App.* 170(5), 100 S. E. 225; *Copeland* v. *Ruff*, 20 *Ga. App.* 217(1), 92 S. E. 955), and the judge by his charge having clearly limited the jury to the one definite issue in dispute, the verdict will not be set aside on the ground that

the court erred in allowing a witness for the plaintiff to testify with respect to the orders and invoices.

*Judgment affirmed. Stephens and Hill, JJ., concur.*

DECIDED MARCH 16..1921.

Complaint; from DeKalb superior court — Judge Hutcheson. June 25, 1920.

*Key, McClelland & McClelland,* for plaintiff in error.

*W. S. Dillon, L. B. Norton,* contra.

*Judgment affirmed. Stephens and Hill, JJ., concur.*