## 19305. LOVINGER v. THE STATE.

DECIDED JANUARY 15, 1929.

*Branch & Howard, E. L. Tiller,* for plaintiff in error.
*John A. Boykin, solicitor-general, J. W. LeCraw, E. A. Stephens,* contra.

LUKE, J. The indictment in this case charged Bailey Lovinger, Mrs. Bailey Lovinger, E. W. Mitchell, and Albert Smith, with larceny of an automobile belonging to Bennie Clein. The jury trying Bailey Lovinger found him guilty, and fixed his sentence at from one to five years, with a recommendation that he be punished as for a misdemeanor. The motion for a new trial was overruled, and Lovinger excepted.

A case was made out for the State by the evidence of Clein and others, the automobile having been taken from Clein's place of business in Atlanta, stripped of certain of its parts, and burned. The defendant admitted that he was the moving spirit in taking the automobile, but introduced evidence to sustain his statement that there was no larceny, for the reason that Clein hired him to destroy the car in order that he might collect the insurance on it. Clein denied entering into any such scheme. There was ample evidence to sustain the defense had the jury seen fit to believe it. They accepted Clein's version of the matter, however, and this court is without power to take from the jury their legal prerogative of passing upon the credibility of witnesses and conflicts in the evidence. The judge did not err in overruling the general grounds of the motion for a new trial.

Special grounds 1, 2, and 3 are controlled by the same principles of law. To avoid repetition, and at the same time make ourselves

clear, we shall discuss in detail only the second special ground. It is that the court erred in allowing State's counsel to ask the defendant's witness E. W. Mitchell if he had not been arrested and convicted in Fulton county, along with one Cobbler; and in allowing the witness to answer: "I have been arrested in this county, and have been convicted in this county last year,—not along with Cobbler,—by myself;" the testimony being objected to upon the ground that the record of the arrest and conviction of the witness would be the best evidence. This witness previously testified that Clein, the owner of the automobile, had entered into an agreement with the defendant and the witness to destroy the car in order to collect the insurance on it.

In *Wheeler* v. *State,* 4 *Ga. App.* 325 (2) (61 S. E. 409), this language was used: "Only conviction of crime involving moral turpitude serves as a basis for impeaching, or can be held to be ground for discrediting, the testimony of a witness who has been thus convicted; and the proper method of proving that a witness has been convicted of crime is by the record of his trial and conviction." In *Howard* v. *State,* 144 *Ga.* 169 (2, 2-a) (86 S. E. 540), this language appears: "Where it is sought to discredit a witness on account of his previous conviction of crime, the judgment of the court in which he was convicted is the highest evidence of the fact; and it is error to permit a witness, over objection, to testify as to his conviction for certain offenses. (*a*) But a witness can not be impeached by showing his conviction of a misdemeanor, it not appearing that the offense was one involving moral turpitude." In *Swain* v. *State,* 151 *Ga.* 375 (4, 4-a), Justice Atkinson, speaking for the court, said: "The best evidence which exists of the fact sought to be proved must be produced, unless its absence is satisfactorily accounted for. Code, § 5748. Where it is material to prove that a witness has been convicted of an offense, the best evidence of that fact is the record of the conviction. *Johnson* v. *State,* 48 *Ga.* 116 (3); *Hunter* v. *State,* 133 *Ga.* 78 (8), 79 (65 S. E. 154); *Beach* v. *State,* 138 *Ga.* 265 (75 S. E. 139); *Howard* v. *State,* 144 *Ga.* 169 (2), 171 (86 S. E. 540). (*a*) Accordingly, where a witness for the defense, on cross-examination, testified 'that he had been convicted of cow-stealing at the August term,' it was erroneous to admit such testimony over the objection that 'there is higher and better evidence of the fact.'" See also *Morgan*

v. *State,* 17 *Ga. App.* 124 (3) (86 S. E. 281); *Braxley* v. *State,* 17 *Ga. App.* 196 (5) (86 S. E. 425); *Phillips* v. *State,* 18 *Ga. App.* 109 (2) (88 S. E. 905).

Under the foregoing decisions, the court erred in allowing the witness to testify as to his conviction. In the case of *Pierce* v. *State,* 29 *Ga. App.* 68 (113 S. E. 47), this ruling was made: "Refusal to allow counsel for the accused, on cross-examination, to ask a witness how many times he had been in jail, charged with crime, was error, requiring a new trial." In the case at bar the witness was allowed to testify to his *conviction.* Of course, even if there be a conflict between the decision in the *Pierce* case (from which Judge Bloodworth dissented) and the rule followed in this case, we would be bound by the older rule as laid down by the Supreme Court.

The evidence in this case is in sharp conflict, and the witness Mitchell was the witness most strongly relied on by the defendant to prove his contention that there was no larceny in the case. Under these circumstances, we can not say that the error indicated was not harmful. There is nothing in this case that takes it out of the "best-evidence rule," and the court committed reversible error in overruling this ground of the motion for a new trial. Special grounds 1 and 3 are controlled by the cases cited in this ground.

The fourth and last special ground complains that the court erred in charging the law of admissions, for the reason that such charge was not warranted by the evidence. It is contended that while the defendant admitted taking the automobile, at the same time he stated that he was hired by Clein to take and destroy it, so that the insurance could be collected, and that he made no admission that tended to incriminate him. There is no merit in this exception. "A *confession* is a voluntary admission of guilt of a criminal offense. An admission, as applied to criminal cases, is the avowal or acknowledgment of a fact or of circumstances from which guilt may be inferred, and only *tending* to prove the offense charged, but not amounting to a confession of guilt." *Riley* v. *State,* 1 *Ga. App.* 651 (3), 654. In *Fletcher* v. *State,* 90 *Ga.* 468 (3) (17 S. E. 100), where the court held that the trial judge erred in charging the law of confessions where only admissions were involved, Chief Justice Bleckley used this language: "The accused

made no confession of guilt, nor did he intend to make any. His declarations to the policeman were designed to explain his possession of some of the goods which were in the building immediately preceding the fire, and his knowledge touching the whereabouts of other goods which when found were not in his possession but, like those which were, constituted a part of the property which could be regarded as fruits or probable fruits of the arson. It is evident that the declarations were made with an exculpatory object, but of course they might have had an inculpatory effect. This would depend upon the view which the jury might take of them in connection with all other facts and circumstances disclosed by the evidence."

Admissions were made in the case at bar with an "exculpatory object," but the jury has the right to say whether or not they had an "inculpatory effect," and the court did not err for the reason assigned in this exception.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*