23445. GRACE *v.* THE STATE.

GUERRY, J. 1. No error appears in the first special ground of the motion for a new trial. Although the statement itself might have been objectionable as mere hearsay, the error in admitting it as evidence was subsequently cured when the witness on whose veracity and competency the State depended testified to the same fact.

2. Where the crime charged against the defendant is larceny of an automobile, which when found had been burned, it is permissible for the State to prove or show anything found in the car that tends to connect the defendant with the crime; and although the evidence complained of in the 2d ground of the amendment to the motion for a new trial might have been and was irrelevant, yet in view of the other evidence in the case and the statement of the trial judge in limiting such testimony to a particular purpose, the admission of such testimony was harmless error.

3. Whether or not statements made about twenty minutes after the larceny was committed, to the effect that "somebody stole the car," were admissible as part of the res gestæ, the admission of such statement is not cause for new trial, in view of other evidence of the same fact.

4. Acts, conduct, and declarations of one conspirator pending the wrongful act, *not alone in its actual perpetration but also in its subsequent concealment,* are admissible against another conspirator. See *Smith* v. *State,* 47 *Ga. App.* 797 (171 S. E. 578). This ruling disposes of grounds 4, 5, and 6 of the amendment to the motion for a new trial.

5. In order to impeach a witness by proof of conviction of crime, it must be shown that the crime involved moral turpitude; and this must be shown by competent evidence. It was therefore error, requiring the grant of a new trial, for the trial judge to allow, over timely objection of defendant's counsel, a defense witness to testify, on cross-examination by the solicitor-general, that he had "served a Federal sen-

tence at Fort Leavenworth, Kansas, in the U. S. penitentiary of 7 months and 18 days." See, in this connection, *Howard* v. *State*, 144 *Ga.* 169 (86 S. E.- 540) ; *Wheeler* v. *State*, 4 *Ga. App.* 325 (61 S. E. 409) ; *Johnson* v. *State*, 48 *Ga.* 116; *Swain* v. *State*, 151 *Ga.* 375 (107 S. E. 40) ; *Groves* v. *State*, 175 *Ga.* 37 (164 S. E. 822) ; *Lovinger* v. *State*, 39 *Ga. App.* 116 (146 S. E. 346).

6. The 9th ground of the amendment to the motion for a new trial is without merit.

7. It was not error for the trial judge to refuse the request to charge as follows: "If you should find that the defendant in this case was a party to a conspiracy to steal the prosecutor's automobile, then, after the automobile was stolen, if it was stolen, no statement nor admission by any party to the conspiracy, nor any statement nor any admission by any one else, not made in the presence of the defendant, would not and could not bind the defendant, and any incriminatory statement or admission by any one not made in the presence of the defendant would be hearsay of no probative value so far as the defendant is concerned, · and not binding on the defendant." The request to charge, as applied to the facts of the case, is subject to several criticisms. See ruling made in *Smith* v. *State*, supra. The requested instruction did not state that after the ending of the *criminal conspiracy* no act or declaration of any of the conspirators would be admissible against the others, *but stated that after the car was stolen* no such declarations would be admissible. This request did not state the law as applicable to the case.

8. The 11th ground of the amendment to the motion for a new trial is. without merit.

9. Since the court committed error requiring a new trial, as announced in paragraph 5, no decision is made on the general grounds of the motion for a new trial.

*Judgment reversed.* *Broyles, C. J., concurs, McIntyre, J., dissents.*

DECIDED JULY 2, 1934.

*Porter & Mebane,* for plaintiff in error.

*James F. Kelly, solicitor-general, J. Ralph Rosser,* contra.

MACINTYRE, J., dissenting. I can not agree to the ruling of the majority, as contained in paragraph 5. It is competent, for the purpose of discrediting a witness, to show that he has been convicted of a crime. The general rule is that the crime must rise to the importance of a felony or be a misdemeanor involving moral turpitude. The Penal Code (1910), § 2, defines a felony as an offense for which the offender, on conviction, shall be punished by death or imprisonment in the penitentiary, and not otherwise. In Real *v.* People, 3 Hand (N. Y.), 270, 281, the court said: "It would be productive of great injustice· often, if where a witness is pro-

duced, of whom the opposite party has before never heard, and who gives material testimony, and from some source, or from the manner and appearance of the witness, such party should learn that most of the life of the witness had been spent in jails, and other prisons for crimes, if this fact could not be proved by the witness himself, but could only be shown by records existing in distant counties, and perhaps States, which for the purposes of the trial are wholly inaccessible. No danger to the party introducing the witness can result from this class of inquiries, while their exclusion might, in some cases, wholly defeat the ends of justice. My conclusion is, that a witness upon cross-examination may be asked whether he had been in jail, the penitentiary, or State prison or any other place that would tend to impair his credibility, and how much of his life he has passed in such places. When the inquiry is confined to whether he has been convicted, and of what, a different rule may perhaps apply. This involves questions as to the jurisdiction and proceedings of a court of which the witness may not be competent to speak. This was the point in Griswold *v.* Newcomb, and the only point in that case. Here the inquiry was simply whether and how long the witness had been in the penitentiary. This the witness knew and could not be mistaken about." In 1 Wharton's Criminal Evidence (10th ed.), 986, § 474, it is said: "Witness may be asked whether he has been in prison.—When the inquiry of the witness upon cross-examination is as to whether he has been convicted and of what, a different rule may perhaps apply, and such questions are usually permitted as affecting the credibility of the witness; but the conclusion is forced and unnatural that even in such a case the witness could not tell the truth. But a conviction, if of an infamous crime, must be shown by the record, and not by parol."

It seems to me that the judge in the trial court was following this rule as laid down by Wharton.

I do not think the trial judge committed error in allowing the solicitor-general to ask the State's witness on cross-examination if "he had served a Federal sentence at Fort Leavenworth, Kansas, in the United States penitentiary, for seven months and eighteen days." See also *Pierce* v. *State*, 29 *Ga. App.* 68 (113 S. E. 47).