## 24108. REID v. THE STATE.

BROYLES, C. J. 1. "Proof that a witness has been convicted of the unlawful sale of intoxicating liquor affords no ground for impeachment of the witness, and can not be used to discredit his testimony. Only conviction of crime involving moral turpitude serves as a basis for impeaching, or can be held to be a ground for discrediting, the testimony of a witness who has been thus convicted." *Wheeler* v. *State,* 4 *Ga. App.* 325 (2) (61 S. E. 409). See also *Lovinger* v. *State,* 39 *Ga. App.* 116 (2), 118 (146 S. E. 346), and cit.; *Howard* v. *State,* 144 *Ga.* 169 (2) (86 S. E. 540); *Swain* v. *State,* 151 *Ga.* 375 (4, *a, b*) (107 S. E. 40); *Grace* v. *State,* 49 *Ga. App.* 306 (175 S. E. 384). A fortiori, a witness's testimony can not be discredited by proof that he "has been in jail charged with crime." In the instant case counsel for the defendant, in cross-examining a witness for the State, asked this question: "How many times have you been in jail charged with crime?" The court sus-

tained the objection of counsel for the State, and refused to allow the witness to answer the question. Under the decisions just cited, the ruling of the court was not error. It is possible that a witness may have been many times in jail charged with crime, and yet be innocent of having committed any crime at all, much less a crime involving moral turpitude. The ruling in *Pierce* v. *State*, 29 *Ga. App.* 68 (113 S. E. 47), must yield to the contrary rulings of the Supreme Court and the older rulings of this court. Upon consideration of a motion for a rehearing, the foregoing headnote is substituted for headnote 1 as originally written. MacIntyre, J., dissents from the ruling in this paragraph.

2. "If any person who has been convicted of an offense and sentenced to confinement and labor in the penitentiary shall afterwards commit a crime punishable by confinement and labor in the penitentiary, he shall be sentenced to undergo the longest period of time and labor prescribed for the punishment of the offense of which he stands convicted. Penal Code, § 1068. This section does not violate paragraph 8 of section 1 of article 1 of the constitution of this State, which declares that 'No person shall be put in jeopardy of life, or liberty, more than once for the same offense.' Civil Code (1910), § 6364." *Tribble* v. *State*, 168 *Ga.* 699 (148 S. E. 593).

3. "Section 1068 of the Penal Code does not violate paragraph 5 of section 1 of article 1 of the constitution of this State, which guarantees to one accused of crime an impartial trial." *Tribble* v. *State*, supra.

4. It follows from the foregoing rulings in the *Tribble* case, supra, that section 1068 of the Penal Code is not in violation of the due-process clause of the 14th amendment to the constitution of the United States, or of that provision of the 5th amendment to the constitution of the United States which declares that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb."

5. "The fact of a former conviction and sentence must be charged in the indictment where a second conviction would affect the grade of the offense or require the imposition of a different punishment. *McWhorter* v. *State*, 118 *Ga.* 55 (44 S. E. 873)." *Tribble* v. *State*, supra.

6. Under the foregoing rulings, the court did not err in admitting in evidence an indictment showing a previous conviction of the defendant of a felony and his sentence to confinement and labor in the penitentiary.

7. While the evidence connecting the accused with the offense charged was conflicting, the finding of the jury was authorized, and the refusal to grant a new trial was not error for any reason assigned.

*Judgment affirmed. Guerry, J., concurs. MacIntyre, J., dissents.*

Decided July 3, 1934. Rehearing denied September 19, 1934.

*W. O. Cooper Jr.,* for plaintiff in error.
*Charles H. Garrett, solicitor-general,* contra.