## WHITLEY *v.* THE STATE.

No. 12722. MAY 9, 1939. REHEARING DENIED JUNE 17, 1939.

*Robert F. Morgan, John H. Hudson,* and *James R. Venable,* for plaintiff in error.

*Ellis G. Arnall, attorney-general, Roy Leathers, solicitor-general,* and *Duke Davis, assistant attorney-general,* contra.

JENKINS, Justice. ■ The undisputed testimony in this record showed, and the statement of the defendant on trial did not deny,

that a rape as alleged was committed by the person who was jointly indicted but not tried with this defendant. While there was testimony for this defendant, besides his statement to the jury, going to show that he did not in any way participate in the crime, and was not even present in the house where it occurred, his conviction was authorized by the corroborated testimony of the alleged victim that while the other defendant was forcibly removing her clothes, this defendant was aiding him by holding her arms and restraining her from getting away.

■ It is the rule that where a graver charge, such as rape, necessarily includes an offense of lesser grade, such as assault and battery, particularly if the minor offense is expressly alleged in the indictment (*Peters* v. *State,* 177 *Ga.* 772, 171 S. E. 266, and cit.), it is the duty of the judge, without request, to instruct the jury as to the principles of law applicable to the minor offense, if under any view of the evidence, independently of the defendant's statement, a finding that the defendant was guilty of the minor but not the major offense would be authorized. It is, however, not error to fail to instruct the jury as to the minor offense, where all the evidence connecting him with the transaction shows that the minor offense was necessarily but an incidental part of the major offense perpetrated. *Moore* v. *State,* 151 *Ga.* 648, 663 (108 S. E. 47) ; *Lewis* v. *State,* 156 *Ga.* 862 (120 S. E. 124) ; *Canida* v. *State,* 130 *Ga.* 15 (60 S. E. 104) ; *Gorman* v. *State,* 183 *Ga.* 307 (5), 309 (188 S. E. 455). Under any view of the evidence in this case, if the defendant was guilty of an assault and battery as charged in the indictment, he was also necessarily guilty of the major offense of rape, as charged, by being a principal in the second degree present and aiding and abetting by his assault the perpetration of the major offense by the codefendant. Accordingly, the court did not err in failing to charge the law of assault and battery.

■ Even though it could be held to have been erroneous to admit the testimony of a physician, that after the alleged crime and while this defendant, the alleged victim, and their companions were riding back in an automobile, the defendant stopped at the office of the physician and received a hypodermic injection, on the ground that such evidence attacked his character, which was not put in issue, by having the effect of showing that he had been drinking or was drunk or was receiving a hypodermic as a result of the alleged

occurrences, since similar testimony was admitted, without objection, that when the car reached the house of the physician this defendant said he was "going to get a shot" of "dope," went aside, and "when he took some dope he just passed out," and since none of such evidence was controverted by the defendant.

■ The court did not err in excluding, as irrelevant and immaterial, the testimony of the alleged victim, by which this defendant sought to prove, that, while the defendant and others were accompanying her in an automobile to the lake where it was claimed the crime occurred later in the evening, she said that she "had a boy friend or husband, one or the other, in jail, . . and that [she] had to have seven dollars to get him out of jail;" or err in excluding the testimony of one of those present that she heard "a remark [by the alleged victim during the trip] about her boy friend being in the stockade." Such testimony did not, in itself or in connection with any other admitted or offered testimony, tend to prove, as contended by the defendant, that "the prosecution was a frame-up for the purpose of extorting money."

■ "A witness may be impeached by evidence as to his general bad character. . . The particular transactions, or the opinions of single individuals, shall not be inquired of on either side, except upon cross-examination in seeking for the extent and foundation of the witness's knowledge." Code, § 38-1804. While there are other legal ways of impeaching a witness, such as proof by competent evidence of a crime involving moral turpitude (*Doggett* v. *Sims,* 79 *Ga.* 253, 257, 4 S. E. 909; *Coleman* v. *State,* 94 *Ga.* 85, 86, 21 S. E. 124; *Ga. R.* v. *Homer,* 73 *Ga.* 251 (5) ; *Sheffield* v. *Hammond,* 41 *Ga. App.* 76, 151 S. E. 663), yet even competent proof of an offense not involving moral turpitude, or incompetent proof of an offense involving moral turpitude, such as a mere indictment or a charge or an arrest or a trial and acquittal, are not legal methods of impeachment. *Johnson* v. *State,* 48 *Ga.* 116 (3), 118; *Beach* v. *State,* 138 *Ga.* 265 (75 S. E. 139) ; *Howard* v. *State,* 144 *Ga.* 169 (2, *a*) (86 S. E. 540) ; *Groves* v. *State,* 175 *Ga.* 37 (3), 42 (164 S. E. 822), and cit.; *Grace* v. *State,* 49 *Ga. App.* 306 (5) (175 S. E. 384).

(*a*) Under the preceding rules, the court did not err in excluding the evidence of the alleged victim, on cross-examination, that she had never told people in her community that she was married to

a named person, and that signatures of a couple by that name on a hotel register were not her handwriting. Even if such evidence were admissible, it could not have aided the defendant, since the witness denied both the marriage and the hotel registration thus sought to be proved. If the purpose of such evidence was to lay a foundation for impeachment, the record does not disclose the introduction or offer of such contradicting testimony, so as to render the exclusion complained of prejudicial.

■ Exception is taken because the court erred in admitting, over the objection of counsel for the defendant, testimony on cross-examination of a witness for the defendant, to the effect that she had been in court for driving a car on the highway while drunk; the objection made at the time, as appears from the exception taken, being that "if the witness were in court on any such charge, it would be in writing, and that would be the highest and best evidence." While this evidence was irrelevant for the reasons herein stated, the defendant was entitled to at least insist, as he did, upon the proof of any such charge being made by competent testimony; and the court erred in allowing proof of such a charge other than by the indictment itself. This ruling applies to the admission of the following testimony on cross-examination of another witness for the defendant: "As to whether I am the same Reagin that was down here in jail charged with cattle-stealing, I have done been tried and acquitted. Yes, I am the one whose indictment is pending and the case is on the calendar, I am the one who is jointly indicted with Curtis Lee Powell for cattle stealing." In the exception taken to this evidence it is stated that "counsel for movant objected to said testimony on the ground that indictments are not admissible in evidence, and asked the court to exclude the testimony on the ground that, if there was any such charge against the defendant, it should be produced." Since there was no competent proof of a conviction under such a charge, even the admission of the indictment would have been irrelevant for the purpose of impeaching the character of the witness. But the indictment for such an offense would have been admissible as part of the proof of conviction, and the objection in the language of the exception taken, "that indictments are not admissible in evidence," was an incomplete and therefore inaccurate statement. However, the demand for the exclusion of this testimony on the ground that

the indictment was the highest and best evidence was well taken. For the reasons stated above, the court erred in refusing a new trial.

*Judgment reversed. All the Justices concur, except*

ATKINSON, P. J., and GRICE, J., who dissent from the ruling in division 6.