### 28628. CORLEY *v.* THE STATE.

DECIDED MARCH 21, 1941. REHEARING DENIED APRIL 4, 1941.

*G. Seals Aiken,* for plaintiff in error.

*John A. Boykin,* solicitor-general, *J. W. LeCraw, Quincy O. Arnold,* contra.

MacIntyre, J. 1. Howard Corley was jointly indicted with Robert S. Gentry, in two counts, for the larceny of two automobiles. He was found guilty on both counts, and he excepted to the overruling of his motion for new trial. The evidence amply authorized his conviction, and we do not think it necessary to set forth the evidence in detail.

2. While it is the right of counsel for the defendant in his argument to the jury to comment on the credibility of a witness for the State, in reference to the matters set out in the Code, § 38-107, and to accuse the witness of having committed perjury (*Mitchum v. State*, 11 *Ga.* 615, 631), he has no *absolute* right while doing so to point the witness out to the jury as he sits in the court-room. This is a detail within the realm of the judge's discretion in his regulation and control of the trial. "To the end that the trial should be fair and impartial and conducted in an orderly way, it is the duty of the trial judge to regulate the conduct of counsel, parties, and witnesses, provided that in so doing he does not take away or abridge any right of a party under the law." *Owens* v. *State*, 11 *Ga. App.* 419 (5) (75 S. E. 519). It follows that the court did not err in interrupting counsel for the defendant in his argument to the jury and requiring him to desist from this manner of argument. Nor do we think a mistrial was necessitated because of the statement by the court, in interrupting counsel, as follows: "I will not allow you to insult citizens in this court-room. They are citizens of this county, and are entitled to the protection of this court." The judge made it clear in the colloquy that ensued between himself and counsel that his remarks were addressed solely to the conduct of counsel in pointing to the witness sitting in the court-room, and not to the statements of counsel in reference to the witness's credibility.

3. The fact that a witness has been convicted of a crime involving moral turpitude is admissible for the purpose of discrediting his evidence. *Ford* v. *State*, 92 *Ga.* 459 (17 S. E. 667); *Powell* v. *State*, 122 *Ga.* 571 (50 S. E. 369). It is not competent, however, to prove the witness's conviction by parol testimony, since an authenticated copy of the record would be the highest and best evidence of the fact. Code, §§ 38-203, 38-206. Accordingly, the court did not err in refusing to allow counsel for the defendant to interrogate witnesses for the State, on cross-examination, as to

whether they had been convicted of a felony or had a record in regard to crime. See *Grace* v. *State,* 49 *Ga. App.* 306 (175 S. E. 384); *Reid* v. *State,* 49 *Ga. App.* 429 (176 S. E. 100); *Whitley* v. *State,* 188 *Ga.* 177 (3 S. E. 2d, 588).

4. "The right of cross-examination, thorough and sifting, shall belong to every party as to the witnesses called against him" (Code, § 38-1705), and a substantial denial of this right is cause for the grant of a new trial. The scope of the cross-examination of a witness is not unlimited, but rests largely within the discretion of the judge. *Clifton* v. *State,* 187 *Ga.* 502 (2 S. E. 2d, 102). Several grounds of the motion complain of the action of the court in ruling out certain questions propounded on cross-examination by counsel for the defendant to witnesses for the State. In one instance counsel propounded the following question to Staples, a witness for the State: "It does not make any difference to you whether it is good or bad?" The question had reference to the reputation of one Holmes, another witness for the State. Staples had testified, in effect, that from what he had heard he would consider that Holmes had a bad reputation, but that he would believe him on oath. According to counsel, the purpose of the question was to show that the witness would believe a man with a bad reputation as well as he would a man with a good reputation. Since the testimony of the witness showed that even though Holmes had a bad reputation he would believe him on oath, we do not think that any substantial error was committed by the court in ruling out the question propounded.

5. The court sustained an objection to the following question propounded to Holmes on cross-examination: "He [referring to Detective Meek] told you Howard [the defendant] did not have any business getting a lawyer and fighting the case?" Meek appeared as a witness for the State, and gave testimony against the defendant; and it is stated that the purpose of this question was to show the interest and bias of Meek in favor of the prosecution. Assuming that the question sought testimony relevant for the purpose stated, its exclusion was not so prejudicial to the defendant as to require the grant of a new trial. The witness in fact testified in this same connection, in response to a question propounded by counsel for the defendant, that "He [Meek] said it would not pay Howard to get a lawyer." The court also refused to require

Herman Cooper, a witness for the State, who had testified that he saw the defendant driving one of the cars alleged to have been stolen on a certain street the night of the larceny, to make a diagram of the street, the traffic conditions thereon when he saw the defendant, and his position in reference to the car in which he saw the defendant, in illustration of his testimony. We think this was clearly within the discretion of the judge, and was not an undue restriction of the defendant's right of cross-examination. . See *Hart* v. *State,* 53 *Ga. App.* 365 (6) (186 S. E. 152).

6. There are other instances in reference to the alleged restriction by the court of the defendant's right of cross-examination of witnesses for the State. They present no new and novel question, and need not be discussed in detail. We have carefully examined these, and find in them no material error.

7. Where a witness on cross-examination is asked his reason for doing a particular act, his answer, if responsive, is admissible even though it may contain hearsay. The remedy of counsel is, not to move to exclude the evidence, but to submit a timely written request to the judge to instruct the jury that such testimony is relevant only to explain the witness's conduct, and not for the purpose of establishing the facts contained therein. Thus, where ·the effect of a question propounded to a witness for the State was to elicit from him the reason why he had arrested one of the defendants, the court did not err in refusing to exclude his testimony concerning information he had received of defendant's guilty connection with the theft of the automobiles, even though it contained hearsay.

8. One of the grounds relates to the admissibility of certain testimony of Staples, a witness for the State. This testimony was in substance that on the night the cars were alleged to have been stolen, the witness was at the house of P. H. Holmes, together with the defendant and his codefendant Bob Gentry, and that either the defendant or Gentry, the witness did not know which, asked Holmes for a knife. The objection to this testimony was that if the defendant did not make the statement it was hearsay. In this connection it appears that P. H. Holmes thereafter testified that it was the defendant who asked for the knife. "He [defendant] said he was going to get an automobile. He said he was going to strip the tires on the car." Furthermore, the evidence for the

State clearly disclosed a conspiracy between the defendant and Gentry to steal the automobiles, and the statement of either in the execution of the plan was admissible against the other. *Smith* v. *State,* 47 *Ga. App.* 797 (171 S. E. 578). It appears in this ground that this witness further testified that the next morning the defendant told him and Holmes that he (defendant) and Gentry "stole a '37 Dodge near the Fox Theater the night before, and they stole an A-model coupé and stripped the tires off of it. . . He did not say right then where he left the Dodge automobile, but Jimmie Cook and Milton Cook said he left it stuck in the mud behind a colored church on Kennedy Street." This last statement was objected to on the ground that it was hearsay. The witness immediately thereafter testified that the defendant was present when the statement was made, and in addition it appears that the witness Holmes testified to the same effect: "He [the defendant] said it [the Dodge] got stuck in a mud hole right off of Kennedy street." No error appears in connection with the introduction of this evidence. It further appears in this same ground that the solicitor-general, during his examination of this witness, stated that he had been entrapped by the witness; and the court gave him permission to cross-examine him. The defendant argues, in connection with this ground, that the solicitor-general did not sufficiently prove that he had in fact been entrapped, and that the court erred in permitting him to lead the witness. An examination of the ground does not disclose that this specific objection was made, and therefore the contention is untenable.

9. E. D. Meek, a witness for the State, gave the following testimony on direct examination: "I did not talk to Langley before we arrested Howard Corley. We had two or three conversations with Mr. Aiken as to Corley and the theft of this car, these two cars, and he said he believed the boy was crazy, and the case was put on over here and put off, and, as I understand, he had him [Corley, the defendant] examined." Counsel for defendant moved for a mistrial, at the same time stating: "If your honor does not see fit to grant a mistrial I move your honor to instruct and admonish this witness, as is your duty. I have never made any such statement as that." The court asked counsel: "You object to the answer made?" and, upon receiving an affirmative answer, requested counsel to state the ground of his objection.

Thereupon counsel stated his objection to the answer, and the court stated: "The court sustains the objection that it is irrelevant and immaterial in the case. That is the only ruling the court makes." No further insistence appears to have been made as to the motion for mistrial or the motion to admonish the witness, and we are of the opinion that under the circumstances these motions were waived.

10. Ground 17 complains that the judge erred in refusing to declare a mistrial in response to the defendant's motion, and in illegally admitting over objection indictment No. 47720 charging the defendant with larceny of two automobiles on September 6, 1937, with a plea of guilty thereon; that this evidence prejudiced the defendant's case; that the indictment was not alleged in the present indictment, and there was nothing in the indictment or in the evidence submitted to show any scheme or plan or connection between that indictment and the indictment in the instant case. Evidence of the commission of a crime other than the one charged is generally not admissible. To this general rule, however, there are various exceptions, such as relevancy as part of the res gestæ, to prove identity, guilty knowledge, intent, motive, system, malice, etc. *Cawthon* v. *State,* 119 *Ga.* 395, 409 (46 S. E. 897). The indictment for another crime must be for a crime which was committed by the accused, and must have some connection with the crime under investigation. The evidence is not admissible to show that the defendant was guilty of the other crime; but it is admissible where there is a logical connection between the two from which it can be said proof of one tends to establish the other. *Wilson* v. *State,* 173 *Ga.* 275 (2) (160 S. E. 319). The true test is, not whether the other transaction was denominated as a crime, but whether the evidence is relevant to the issue on trial. *Barnes* v. *State,* 57 *Ga. App.* 183 (194 S. E. 839). In *Barkley* v. *State,* 190 *Ga.* 641 (10 S. E. 2d, 32), it was held that evidence that the defendant and another man, acting in concert, had committed the offense of rape on other females in the same vicinity within a period of about a month, and in so doing had surprised and overcome their victims by the same general method, was admissible to show general plan or scheme, and to identify the defendant as the perpetrator of the crime for which he was being tried. In *White* v. *State,* 177 *Ga.* 115 (169 S. E. 499), the defendant was jointly

indicted with others for murder, and the court allowed evidence of other holdups and of meetings at the witness's home "to show a general scheme or conspiracy to commit robbery and murder, including in its scope the particular offense in question, and was admissible over the objection that it was irrelevant." In *Ray* v. *State*, 28 *Ga. App.* 758 (113 S. E. 105), the defendant was convicted of larceny of an automobile, and it was held: "It was not error to admit in evidence against the accused in this case who was being tried on an indictment for larceny of an automobile, an indictment charging him with a similar offense and upon which he had been convicted, the purpose for which it could be considered being properly restricted by the judge in his charge to the jury." See *Jones* v. *State*, 62 *Ga. App.* 734, 737 (9 S. E. 2d. 707). In the instant case there were eight larcenies of automobiles included in the four indictments, and the indictments were admissible to set forth a continuity of plan, scheme, and system by Howard Corley to steal automobiles in conjunction with associates or accomplices. The indictment objected to was admissible, under an exception to the general rule, for this purpose. In his charge to the jury the judge restricted the purpose for which such evidence was introduced, and did not err as contended in ground 28 in so charging. These grounds are not meritorious.

11. Ground 18 does not appear in the motion or in defendant's brief, and ground 19 is elsewhere covered by this opinion.

12. Ground 20 complains of a failure to charge as requested, with reference to the character of the defendant. Ground 21 complains of a failure to charge as requested, upon the subject of accomplice testimony. Ground 22 complains of a failure to charge as requested, with reference to impeachment of a witness voluntarily called by a party. Ground 23 complains of the failure to charge as requested, with reference to impeachment of witnesses by proof of contradictory statements. Ground 24 complains of a failure to charge as requested, on corroboration of accomplice. Ground 25 complains of the failure to charge as requested, on the subject of impeachment of witnesses by proof of bad character. Ground 26 complains of a failure to charge as to matters contained in grounds 22 and 24. The charge to the jury as a whole covered plainly and in substance the principles of law stated in the requests. The defendant was not entitled to have the court adopt his exact lan-

guage, and the failure to give the charges in the language requested was not reversible error. *Summer* v. *State*, 55 *Ga. App.* 185 (2) (189 S. E. 687); *Kelly* v. *State*, 63 *Ga. App.* 231 (6) (10 S. E. 2d, 417); *Southern Railway Co.* v. *Wilcox*, 59 *Ga. App.* 785, 789 (2 S. E. 2d, 225). These grounds are not meritorious.

13. Ground 27 complains that the judge erred in charging as follows: "A witness sought to be impeached by disproving facts testified to by him may be corroborated by other testimony to the effect the facts stated by him are true." The defendant contends that this was an erroneous statement of law, was argumentative, confusing, and prejudicial. This ground is not meritorious. This court in *McAllister* v. *State*, 7 *Ga. App.* 541 (7) (67 S. E. 221), held: "If a witness has, in the opinion of the jury, been successfully impeached by disproving the facts testified to by him, he can not be corroborated. A witness may be sustained by corroboration if there has merely been an attempt to impeach him by disproving his testimony." Under this ruling the charge was a correct statement of law. The judge charged generally the law with reference to impeachment of witnesses, and the charge was applicable equally to the State's witness and to the defendant's. We do not think this excerpt was erroneous for the reasons assigned.

14. Ground 28 was decided adversely to the defendant by our decision with reference to ground 17.

15. Ground 29 complains that the judge erred in charging on the subject of "recent possession of stolen goods," in that the instruction placed the burden of proof on the defendant, who was the wrong party, such burden being on the State. The excerpt from the charge is in effect in the language of the charge in *Cook* v. *State*, 49 *Ga. App.* 86 (3) (174 S. E. 195), and *Blocker* v. *State*, 57 *Ga. App.* 330 (2) (195 S. E. 451), and was not erroneous for any reason assigned.

16. Ground 30 complains of an excerpt from the charge with reference to an accomplice. When the excerpt is considered with the charge as a whole upon this subject, as must be done (*Cook* v. *State*, supra; *Brown* v. *Matthews*, 79 *Ga.* 1, 4 S. E. 13), no reversible error appears.

17. Ground 31 complains that the judge erred in charging the jury as follows: "I charge you further, that if the witness himself could have been convicted, that is, the witness Robert Gentry,

or has been convicted of the offense, either as principal or as an accessory, then in that event he would be an accomplice." The defendant contends that this charge was not applicable to the facts in the case, because Gentry had already entered a plea of guilty and therefore he was a self-confessed thief. He was not an accomplice of the defendant, unless the defendant himself was a party with Gentry to the stealing of the automobile. This ground is not meritorious. A plea of guilty stands upon the same footing as a conviction by a jury, and has the same force and effect as a verdict of guilty. *Ford* v. *State*, 162 *Ga.* 422 (4-*a*) (134 S. E. 95). The defendant was jointly indicted with Gentry for the offense to which the witness Gentry had pleaded guilty, and this excerpt from the charge is not erroneous for the reason assigned.

18. Ground 32 complains that a portion of the charge with reference to the fixing of punishment by the jury was erroneous because it gave the jury the impression that they were required by law to find the defendant guilty and give him the maximum of five years punishment on each count, and was contrary to the Code, § 81-1104, in that the judge expressed an opinion. When the excerpt is considered in connection with the other portions of the charge on this subject, the judge made it clear that if the jury believed that the defendant had not been previously convicted, or if they had a reasonable doubt thereof, they would be authorized to fix the punishment between the limits of one and five years, and could also recommend misdemeanor punishment. This ground is not meritorious.

19. It is not proper to ask a witness on cross-examination whether he has a good or a bad reputation in the community, and the judge did not err in so ruling.

20. The court did not err in refusing to declare a mistrial because of the statement of the solicitor-general (in objecting to a line of cross-examination being pursued by counsel for the defendant) that counsel had no right to go into "all these petty details." Nor is there any merit in other grounds complaining of the refusal to declare a mistrial because of certain statements made by the judge in ruling on objections made by counsel for the defendant.

21. The grounds of the motion that have not been expressly dealt with have been examined, and are held without merit.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*