36707, 36708. SMALLWOOD v. THE STATE (two cases).

TOWNSEND, J. 1. The defendant, N. A. Smallwood, was simultaneously tried in the City Court of Gwinnett County on two accusations charging him with possessing non-tax-paid liquors and selling non-tax-paid liquors. Verdicts of guilty were returned. The defendant's motions for new trial as amended were denied, and since the same assignments of error are made in each case, they are here considered together.

The assignments of error in the first three amended grounds of the motions for new trial complain that the defendant's right to a thorough and sifting cross-examination was abridged by the trial court's refusal to require the State Revenue Agent to divulge the name of the "decoy" who accompanied him to the defendant's home for the purpose of purchasing liquor. That this is reversible error has been settled in *Crosby* v. *State*, 90 *Ga. App.* 63 (82 S. E. 2d 38), and *Roddenberry* v. *State*, 90 *Ga. App.* 66 (82 S. E. 2d 40).

2. Grounds of a motion for new trial which are incomplete in that they fail to show in substance the evidence objected to will not be considered. *Tuggle* v. *Fisk Rubber Co.*, 26 *Ga. App.* 493 (2) (106 S. E. 594). Special ground 4 complains that whisky containers introduced in evidence had thereon material "that was written down after this man was caught." The ground, which fails to show the nature of the writing objected to, is incomplete within itself, and therefore cannot be passed upon. Special grounds 7 and 8 are not considered because expressly abandoned.

3. When it is sought, under the provisions of Code § 38-1804, to impeach a witness for the opposite party "even competent proof of an offense not involving moral turpitude, or incompetent proof of an offense involving moral turpitude, such as a mere indictment or a charge or an arrest or a trial and acquittal, are not legal methods of impeachment. *Johnson* v. *State*, 48 *Ga.* 116 (3), 118; *Beach* v. *State*, 138 *Ga.* 265. (75 S. E. 139); *Howard* v. *State*, 144 *Ga.* 169 (2) (a) (86 S. E. 540); *Groves* v. *State*, 175 *Ga.* 37 (3), 42 (164 S. E. 822), and citations; *Grace* v. *State*, 49 *Ga. App.* 306 (5) (175 S. E. 384)." *Whitley* v. *State*, 188 *Ga.* 177, 179 (3 S. E. 2d 588). Introduction of evidence to the effect that one has been in court on a charge of driving an automobile while under the influence of intoxicants is error for both these reasons. *Id.*, p. 180. Ac-

cordingly, it was error here to introduce against a witness for the defendant a certified copy of an indictment on a pending case charging this offense.

4. It is not necessary for this court to decide whether the assignment of error in special ground 6 is such as to require reversal, since this case is being reversed on other grounds. It is not, however, for the court to make any remark which would seem to reflect upon or slur over the merits of the defense, and it is not good practice, in giving in charge a rule of law, favorable to the defendant, to preface it with the remark: "It has not been requested by the defense, but . . ." as this might tend to minimize the effect of the charge.

5. Where the accusation or indictment is not in terms limited to a specific date, the State may prove the date of the offense at any time within the period of limitation, and the evidence relating to alibi must relate to the date of the commission of the crime rather than the date as alleged in the indictment. *Carr* v. *State*, 95 *Ga. App.* 513 (98 S. E. 2d 231), It was accordingly not error, as contended in special ground 9, to charge that "if you find that the defendant did at any time within two years prior to the filing of this accusation have any amount" of the prohibited liquors, it would be the duty of the jury to convict.

The trial court erred in denying the motion for new trial.

*Judgments reversed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED MAY 17, 1957.

*J. Ray Merritt,* for plaintiff in error.

*Chas. C. Pittard, Solicitor,* contra.