### 49096. BANKS v. THE STATE.

Evans, Judge.

Defendant was tried and convicted of the offense of aggravated assault with intent to murder by shooting another with a certain gun. He was sentenced to serve 10 years. Motion for new trial was filed, amended and denied. Defendant appeals. *Held:*

1. Where, at the conclusion of all felony cases a

verdict of guilty is returned, the trial court shall then conduct a pre-sentence hearing to determine the issue of punishment to be imposed. "In such hearing, subject to the laws of evidence, the jury shall hear additional evidence in extenuation, mitigation and aggravation of punishment, including the record of any prior criminal convictions and pleas of guilty or pleas of nolo contendere of the defendant, or the absence of any such prior criminal convictions and pleas: Provided, however, that only such evidence in aggravation as the state has made known to the defendant prior to his trial shall be admissible." Code Ann. § 27-2534 (Ga. L. 1970, pp. 949, 950; 1971, p. 902).

2. It is provided in Code Ann. § 27-2534 that the hearing on the pre-sentence phase of the case is to be conducted according to the "laws of evidence." When the defendant, during such hearing, offered himself as a witness, the trial court properly required that he be sworn. No error appears here.

3. Defendant argues that the trial judge erred in allowing cross examination of defendant as to certain warrants previously sworn out against him prior to date of the offense in question. It was not shown or contended by the state that defendant had been convicted of the offenses charged in these warrants. When it is sought to impeach a witness by attacking his credibility, his bad character may be proven by showing conviction of crimes involving moral turpitude. See *Georgia Railroad v. Homer,* 73 Ga. 251 (5), 258. It is improper to show that he has been charged with an offense, for which he has not been convicted. *Smallwood v. State,* 95 Ga. App. 766 (3) (98 SE2d 602), and cases cited.

Objection was made at the time of the trial, but there is no enumeration of error on this complaint. Error is enumerated that the court erred in overruling appellant's motion for new trial. This complaint is not found in the motion for new trial, as amended. Therefore, this court cannot consider it. Code Ann. § 6-810 (Ga. L. 1965, pp. 240, 243); *Calhoun v. Patrick,* 116 Ga. App. 303 (157 SE2d 31); *White v. State,* 117 Ga. App. 277 (160 SE2d 227).

4. The defendant has not argued the general

grounds. Accordingly, these grounds are deemed to have been waived. Rule 18 (c-2); Code Ann. § 24-3618.

*Judgment affirmed. Eberhardt, P. J., and Pannell, J., concur.*

SUBMITTED FEBRUARY 7, 1974 — DECIDED MARCH 7, 1974.

*J. R. Cullens, Neely, Freeman & Hawkins, William E. Cetti,* for appellant.

*David N. Vaughan, Jr., District Attorney,* for appellee.