### 1013.  WHEELER v. THE STATE.

RUSSELL, J.  1. Under an indictment charging the commission of a criminal offense, evidence is admissible to show that the crime was committed upon any date prior to the finding of the indictment, within the statute of limitations.  Where a defendant is charged with the unlawful sale of whisky generally, the sale not being alleged as made to any particular individual, proof may be submitted of any sales made by him, in the jurisdiction of the court, within two years prior to the date of the accusation.

2. Proof that a witness has been convicted of the unlawful sale of intoxicating liquor affords no ground for impeachment of the witness, and can not be used to discredit his testimony.  Only conviction of crime involving moral turpitude serves as a basis for impeaching, or can be held to be a ground for discrediting, the testimony of a witness who has been thus convicted; and the proper method of proving that a witness has been convicted of crime is by the record of his trial and conviction.

3. It is not error on the part of the court to confine the argument of counsel to such matters as are material to the issue, provided that, in ruling upon the question, neither the language nor the manner of the court is prejudicial to the rights of the client.

4. It was not error for the trial judge to instruct the jury, in response to a question from one of the jury as to the effect of their verdict upon a charge against witnesses in the case, that "it makes no difference to the jury whether witnesses were guilty of soliciting the sale of whisky or not; it is your duty to try this case and see if the defendant is guilty or not guilty under the evidence and the law given in charge." Nor was it error for the court to charge the jury that they had nothing to do with what some one else did or did not; that it had nothing to do with the case on trial; that it was for them to say whether the defendant in the case was guilty or not guilty.

5. The evidence authorized the conviction of the defendant, and there was no error in refusing a new trial.

6. The overruling of a demurrer to an indictment can not be considered on a motion for new trial, and affords no ground for new trial.  Error in ruling upon a demurrer in a criminal case must be made the ground of a special exception preserved pendente lite, or must be presented in a bill of exceptions which has been certified within twenty days from the ruling of which complaint is made.  *Judgment affirmed.*

Accusation of selling liquor, from city court of Bainbridge— Judge Harrell.  January 20, 1908.

Submitted March 31,—Decided May 7, 1908.

*J. H. Gilpin, A. E. Thornton,* for plaintiff in error.

*M. E. O'Neal, solicitor,* contra.