### 5367.   Edenfield *v.* The State.

Russell, C. J. 1. As the offense of selling intoxicating liquor is not an offense involving moral turpitude, a witness can not be impeached by proof that he violated this law. *Wheeler* v. *State*, 4 *Ga. App.* 325 (61 S. E. 409). The court did not err in excluding testimony to the effect that a witness whom it was sought to impeach was considered a liquor seller, and that his reputation as to selling liquor was bad.

2. The court did not err in instructing the jury that the question as to whether a witness was successfully impeached, or as to whether the witness, if impeached, had been corroborated, or as to whether the jury would believe the witness, even though they might believe he had been impeached by proof of general bad character, were all questions for the jury's determination.

3. The court did not err in overruling the ground of the motion for a new trial which was based upon alleged newly discovered testimony. The evidence alleged to be newly discovered might have been obtained prior to the trial, by the exercise of ordinary diligence; and, in addition, the alleged newly discovered testimony is merely cumulative or impeaching.

4. The evidence fully warranted the conviction of the accused, and there was no error in refusing a new trial.

*Judgment affirmed. Roan, J., absent.*
DECIDED MARCH 26, 1914.

Indictment for sale of liquor; from Emanuel superior court—Judge Rawlings. October 18, 1913.

*W. W. Larsen,* for plaintiff in error.