## 20356. NICHOLS *v.* THE STATE.

DECIDED APRIL 15, 1930.

*W. W. Mundy,* for plaintiff in error.

*J. A. Wright, solicitor, E. S. Ault,* contra.

LUKE, J. Henry Nichols was convicted of possessing intoxicating liquors, and assigns error on the overruling of his motion for a new trial. The evidence discloses that Nichols kept the liquor on the premises of one Calvin Dollar, and that a case was made against both of them. Dollar testified that the liquor belonged to Nichols, and in this was amply corroborated by other witnesses. Counsel for the plaintiff in error makes no insistence upon the general grounds of his motion for a new trial, and the only other ground is in substance as follows: That the court erred in the following ruling on the testimony of Calvin Dollar: Solicitor: "I move to rule out any questions about any case pending against Calvin Dollar. The original papers are the highest and best evidence." Mr. Mundy: "He testified that he had the liquor; that is satisfactory with me." The court: "The plea is the best evidence." In the certificate of the trial judge to the motion for a new trial he says: "I hereby certify that the ruling of the court complained of in this motion referred to a plea in a case against the witness Calvin Dollar in the year 1922, and that the only ruling made was

that the plea, which was in court, was the best evidence of his plea."

In view of the argument of counsel for plaintiff in error in his brief, we will say that while a confession is evidence of guilt, the best evidence of a plea is the plea itself; and this is exactly what the court ruled. As shown by the ground quoted above, the motion made by the solicitor was not to rule out a confession or admission of the witness that he had possessed liquor, but "to rule out any questions about any *case*" against the witness, on the ground that the original papers were the highest and best evidence; and the court properly ruled that "the plea is the best evidence." See *Wheeler* v. *State*, 4 *Ga. App.* 325 (2) (61 S. E. 409); *Howard* v. *State*, 144 *Ga.* 170 (2) (86 S. E. 540). Furthermore, this ground of the motion discloses that the object of this evidence was to show that the witness for the State had himself possessed intoxicating liquors, and the witness admitted that he had possessed liquor on a previous occasion and on the occasion in question; and this evidence was not excluded.

The court properly overruled the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*