26274. TOOTLE *v.* THE STATE.

DECIDED JUNE 15, 1937.

*H. H. Elders,* for plaintiff in error.
*J. P. Dukes, solicitor-general,* contra.

GUERRY, J. The defendant was convicted of the theft of a certain hog, the property of J. R. Rushing. His motion for new

trial, containing only the general grounds, was overruled, and he excepted. Rushing testified to the loss of the hog described in the indictment, and that the hog, at or about the time it was stolen, was on the open range around his place. Thad Lanier, husband of the defendant's step-granddaughter, a witness for the State, testified that on or about the second Saturday in June he and the defendant agreed to steal some hogs and sell them and split the proceeds fifty-fifty. "In pursuance of that agreement we got a white sow hog [the indictment described a white sow hog 'crop in one ear and split and underbit in the other ear'], and I carried it and sold it to Mr. Foy Lewis. . . I got that hog and sold it the second Monday in June. . . I am the fellow just pleaded guilty to this stealing. . . I got this white sow out of Mr. Tootle's lot. . . I was there in my car, and my wife was with me. I went there and took Mr. Tootle home. We left Jesup about eight o'clock Sunday morning to bring Mr. Tootle home, and got to his home about noon. I got these hogs Monday morning. Me and my wife were together. That is the same hog I have pleaded guilty to stealing. . . I have seen Mr. Emmett Tootle since I have been in jail here in Reidsville. He come to the jail and said, 'Lanier, I understand you are going to have a preliminary hearing, and I want you to waive it and give me time to get Budley Beasley to settle it,' and I told him I didn't believe he could settle it, and he then said he would give me fifty dollars between then and court if I would plead guilty and take it all on myself."

Mrs. Thad Lanier testified for the State, as follows: "I saw Emmett Tootle in Jesup with my sister, and we all went to my sister's later and ate supper. Me and my husband then went home, and the next morning we brought grandpapa home and stayed there with him until next morning, Monday morning. My husband carried two hogs back to Jesup with him next morning. . . I heard grandfather tell Thad that he had some hogs he wanted to sell if Thad would take them off for him." Claude Harrelson testified for the State as follows: "I have been in jail recently. I know Thad Lanier, he was in jail at the same time I was. Mr. Emmett Tootle came to see Thad while he was in jail, and I heard Mr. Tootle tell Thad Lanier if he would give him time and put off his preliminary hearing until he could go get

Mr. Budley Beasley to settle it, or for him to take it on himself, and he would give him fifty dollars if he would take it all on himself." Foy Lewis testified for the State, in substance, that he bought the hog described in the indictment from Thad Lanier; that he bought another hog from Lanier at the same time. W. M. Tootle testified for the State in part as follows: "I know Emmett Tootle, have all my life so far as I know, for thirty years or more. I know where he lives. If anybody in that part of the county is familiar with the woods and stock around there, Emmett Tootle is. . . Mr. Tootle is familiar with the stock and range around there, because he has lived in those woods ever since I can remember; he ought to know that range day or night. He is familiar with the marks of the stock on that range. I have recently been in the woods where the hogs of Mr. Tootle and Mr. Rushing range." The defendant made a statement to the jury, in which he denied any connection with the hogs.

We see no reason for holding that the evidence does not support the verdict. The testimony of Thad Lanier, codefendant and accomplice of the defendant, that he and the defendant made an agreement to steal hogs and sell them and split the proceeds fifty-fifty, and that he got the hog in question from the defendant and sold it to Mr. Foy Lewis, is corroborated by testimony which, independently of the testimony of the accomplice, connects defendant with the theft of the hog described in the indictment. Mrs. Lanier testified that when she and her husband left the home of the defendant, about the time the hog was stolen, her husband took two hogs with him and sold one of them to Foy Lewis. Mr. Lewis testified that he purchased the hog from Lanier, along with another, about that time. It further appeared that the defendant and Rushing lived in the same section of the county, that their hogs used the same range, and that the defendant was entirely familiar with this territory and the stock and the marks of their owners, and that Lanier did not live in that section and was not familiar with the range or the stock. Then there is the further testimony of Lanier, corroborated by Harrelson, that the defendant visited Lanier in jail and offered him fifty dollars to take all the blame for the theft of the hog, which the jury was authorized to take, and apparently did take, as an implied admis-

sion of guilt by the defendant. The judge did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*