34051. DUKE *v.* MEYERS, administrator.

DECIDED JUNE 4, 1952.

*Moore, Oberry & Holton,* for plaintiff in error.
*Gordon Knox Jr.,* contra.

SUTTON, C. J. Alex Duke filed a trover action against Mrs. M. O. Meyers, in Jeff Davis Superior Court, for the recovery of a described cow of the alleged value of $100. The defendant answered, admitting the possession and value of the described cow and the refusal to deliver the cow to the plaintiff, but she denied that the plaintiff had any right or title to the cow. The defendant died during the pendency of the case, and her administrator, S. E. Meyers, was made party defendant. The case proceeded to trial, and the jury returned a verdict for the defendant. The plaintiff's amended motion for a new trial was overruled, and he excepted.

█ It is alleged in special ground 1 of the motion that, while the plaintiff was being cross-examined by counsel for the defendant, he was asked, "Were you ever convicted of any crime in the Federal Court, the United States Court?" to which he answered, "Yes, sir"; and he was then asked, "How many times?" and before he answered counsel for the plaintiff objected on the ground that it was irrelevant, immaterial, and prejudicial. The objection was overruled, and the plaintiff, on cross-examina-

tion, over objection, testified: "I was convicted of. a crime in the United States Court. Let's see; I was convicted once and I plead guilty once or twice; I have had some little traffic cases. I served time in the Federal Court. I plead guilty in this court to having a pint of liquor and was convicted one time. I was convicted at least three times in all." It is contended in·this ground of the motion that the evidence objected to was prejudicial and harmful to the plaintiff for the reason urged in the objection, and for the reason that the sole issue in the trover case was the title to the property in question.

Ground 2 of the motion avers that at the conclusion of the aforesaid testimony, admitted over objection, the plaintiff made a motion to exclude the same on the ground that it was irrelevant, incompetent, and immaterial; that it was not shown that any of the things admitted or testified to by the witness were crimes involving moral turpitude, and that the evidence was prejudicial and harmful to the plaintiff. That motion was overruled.

It was held in *Wheeler* v. *State*, 4 *Ga. App.* 325 (2) (61 S. E. 409), that "Proof that a witness has been convicted of the unlawful sale of intoxicating liquor affords no ground for impeachment of the witness, and can not be used to discredit his testimony. Only conviction of crime involving moral turpitude serves as a basis for impeaching, or can be held to be a ground for discrediting, the testimony of a witness who has been thus convicted." This ruling was quoted and reaffirmed in *Reid* v. *State*, 49 *Ga. App.* 429 (176 S. E. 100), and other cases were cited in support of the ruling. It was ruled in *Grace* v. *State*, 49 *Ga. App.* 306 (5) (175 S. E. 384): "In order to impeach a witness by proof of conviction of crime, it must be shown that the crime involved moral turpitude; and this must be shown by competent evidence. It was therefore error, requiring the grant of a new trial, for the trial judge to allow, over timely objection of defendant's counsel, a defense witness to testify, on cross-examination by the solicitor-general, that he had 'served a Federal sentence at Fort Leavenworth, Kansas, in the U. S. penitentiary of 7 months and 18 days.'" Also, see *Howard* v. *State*, 144 *Ga.* 169, 171 (2) (86 S. E. 540); *Whitley* v. *State*, 188 *Ga.* 177, 179 (5) (3 S. E. 2d, 588); *Edenfield* v. *State*, 14 *Ga. App.* 401 (1) (81 S. E. 253).

Accordingly, the court erred in admitting the evidence objected to and in failing to exclude it on motion of the plaintiff, as complained of in special grounds 1 and 2 of the motion. The error complained of in ground 4 of the motion is controlled by this ruling.

■ Special ground 3 of the motion, complaining of the failure of the court to charge as to title, is without merit.

■ The evidence was conflicting, and the general grounds of the motion will not be passed on, as the judgment is being reversed on the special grounds pointed out in division 1 of this opinion.

*Judgment reversed. Felton and Worrill, JJ., concur.*