40469.    REWIS v. THE STATE.

Decided January 30, 1964.

*J. Robert Smith,* for plaintiff in error.

*Dewey Hayes, Solicitor General,* contra.

HALL, Judge. 1. The officers testified that in obtaining the defendant's statements they questioned the defendant around midnight for about an hour and a half. Special grounds 2 and 3, contending that because of this questioning the statements were not freely and voluntarily made, are without merit. *Wilburn v. State,* 141 Ga. 510, 511 (81 SE 444) ; *Whippler v. State,* 218 Ga. 198, 201 (126 SE2d 744) ; *King v. State,* 28 Ga. App. 751, 753 (113 SE 107).

2. In support of the general grounds and some of the special grounds the defendant argues that the circumstantial evidence does not sufficiently corroborate the accomplice's testimony to support a conviction.

It is not required that evidence in corroboration of an accomplice's testimony "shall of itself be sufficient to warrant a verdict. . . Slight evidence from an extraneous source identifying the accused as a participator in the criminal act will be sufficient corroboration of the accomplice to support a verdict. . . . The sufficiency of the corroboration . . . to produce conviction of the defendant's guilt is peculiarly a matter for the jury to determine." *Hargrove v. State,* 125 Ga. 270, 274 (54 SE 164) ; *Tootle v. State,* 55 Ga. App. 865 (191 SE 876) ; *Newman v. State,* 63 Ga. App. 417 (11 SE2d 248). "Voluntary confessions are sufficient to corroborate the testimony of an accomplice so as to support a verdict of guilty." *Partee v. State,* 67 Ga. 570 (2) ; *Newman v. State,* supra.

In this case the testimony of the accomplice, the defendant's voluntary statement, and the evidence, summarized above, of circumstances that tended to show that the accused participated in the commission of the crime, sufficiently supported the conviction. *Worley v. State,* 91 Ga. App. 663 (86 SE2d 702).

The trial court did not err in overruling the general grounds and special grounds 1, 4, 5 and 7.

3. On cross examination the solicitor asked one of the defendant's witnesses, who was a farmer, if he remembered making time on the chain gang, if he remembered making any liquor, and if he remembered being in the business of making liquor.

Over the defendant's objections, the court permitted the witness to answer, "Yes, I have made some liquor in my life." The defendant contends that this questioning was an improper effort to impeach the witness by showing his criminal conduct without introducing the record of his conviction as the law requires. At the trial the solicitor argued that he was asking the questions for the purpose of testing the witness' memory.

Cross examination to test a witness' capacity to remember is a recognized method of showing the weight of his testimony. III Wigmore, Evidence 635, § 995. When a witness' powers of recollection are in question, the opposing party is entitled on cross examination to bring out such circumstances as will exhibit the untrustworthiness of the witness' recollection, and the general principles of impeachment control this process. III Wigmore, Evidence 64, § 730. Impeachment, as distinct from cross examination of a party to show his bias, prejudice, or friendship for the party for whom he testifies, is governed by its own rules of evidence. 58 Am. Jur. 386, § 715.

A witness cannot be impeached nor his testimony discredited by proof that he was convicted for the offense of selling intoxicating liquor, as this is not an offense involving moral turpitude. *Edenfield v. State*, 14 Ga. App. 401 (81 SE 253); *Duke v. Meyers*, 86 Ga. App. 271, 272 (71 SE2d 297); *Bivins v. State*, 147 Ga. 229 (93 SE 213). A witness cannot be discredited even by his own testimony that he has been convicted of an offense involving moral turpitude; it is necessary to introduce an authenticated copy of the record of the court in which he was convicted. *Howard v. State*, 144 Ga. 169 (86 SE 540); *Corley v. State*, 64 Ga. App. 841 (14 SE2d 121). It follows that testimony of a witness that he has done some act that the law makes a crime is not a legal method of impeachment. *Smallwood v. State*, 95 Ga. App. 766 (98 SE2d 602).

The holding of this court in *Mills v. State*, 71 Ga. App. 353, 363 (5) (30 SE2d 824), appears to be inconsistent with the *Smallwood* decision; but we feel the later decision is controlling because it is in harmony with the fundamental principle excluding as irrelevant evidence of the general character and conduct in other transactions of a defendant on trial for a crime. *Bacon*

*v. State*, 209 Ga. 261 (71 SE2d 615). This principle would prohibit evidence, except as specifically allowed by law, of a witness' conduct in other transactions, criminal or otherwise, having no logical connection with the subject matter of his testimony.

The questioning complained of was obviously an attempt, under the guise of testing the witness' memory, to discredit him by testimony inadmissible for the purpose of impeachment. The law does not condone an indirect attack on a witness' character by evidence that would not be permitted in a direct attack on it.

The trial court erred in overruling special ground 6.

*Judgment reversed. Nichols, P. J., and Russell, J., concur.*