UNITED STATES of America, Plaintiff-Appellee,

v.

Hilliard Alton SANDERS, Defendant-Appellant.

No. 26917

Summary Calendar.

United States Court of Appeals Fifth Circuit.

June 17, 1969.

cated that appellant, having journeyed from Mobile, Alabama to Gulfport, Mississippi, cashed a check in Gulfport drawn on a Gulfport bank, purportedly signed by William H. Fennell, and made payable to Harold White in the amount of $225. A bank employee testified that the signature on the check was not the genuine signature of William H. Fennell. Having examined the errors assigned on appeal, we affirm the conviction.[1]

First, it is contended that the trial court erred in allowing the prosecutor to cross examine appellant about prior convictions for crimes of moral turpitude. The court instructed the jury that the prior convictions were admissible only on the issue of the defendant's credibility as a witness. The state cases cited by appellant in support of his contention are of no avail to him as it is well settled that in federal court felonies and misdemeanors involving moral turpitude are admissible for impeachment of a defendant who takes the stand. Daniel v. United States, 5th Cir. 1959, 268 F.2d 849, 852; Steele v. United States, 5th Cir. 1957, 243 F.2d 712, 714. There was no error in this regard.

Secondly, appellant complains that he was denied due process when subjected to a police line-up without benefit of counsel. Since he testified on direct examination that the line-up occurred on May 25, 1967, we must hold that he did not have a right to counsel at the time of the line-up. Appellant is unable to invoke United States v. Wade, 1967, 388 U.S. 218, 87 S.Ct. 1926, 18 L. Ed.2d 1149 because in Stovall v. Denno, 1967, 388 U.S. 293, 87 S.Ct. 1967, 18 L. Ed.2d 1199, the Supreme Court held that *Wade* would apply only to identifications occurring after June 12, 1967. Since the right to counsel afforded by *Wade* does not apply to this case, the only question is whether the identification procedure comported with standards of

James D. Sullivan, Mobile, Ala., Court appointed, for appellant.

Vernol R. Jansen, Jr., U. S. Atty., Don Conway, Asst. U. S. Atty., Mobile, Ala., for appellee.

Before JOHN R. BROWN, Chief Judge, and THORNBERRY and MORGAN, Circuit Judges.

PER CURIAM:

Appellant was convicted by a jury under 18 U.S.C. § 2314 of causing the transportation in interstate commere of a falsely made and forged security with unlawful and fraudulent intent, knowing the same to have been falsely made and forged. The evidence as pieced together by Government witnesses indi-

---

1. Pursuant to new Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing. *See* Murphy v. Houma Well Service, 5th Cir. 1969, 409 F.2d 804, Part. I.

due process when viewed in the totality of the circumstances. Stovall v. Denno, *supra*. As appellant was identified by two department store employees at what appears to have been a normal police line-up, we find no violation of due process.

 Finally, appellant argues that the maker's signature on the check in question was not shown by competent evidence to be a forgery. Though William H. Fennell himself was unable to testify because of illness, a bank employee familiar with his signature testified to the forgery and produced samples of the genuine signature to corroborate his testimony. There was sufficient evidence from which the jury could reasonably infer that the check was forged.

Affirmed.