**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Leslie M. PHILLIPS, Defendant-**
**Appellant.**

**No. 27009**
**Summary Calendar.**

United States Court of Appeals
Fifth Circuit.

Sept. 23, 1969.

Rehearing Denied Oct. 28, 1969.

---

Leslie M. Phillips, pro se.

Louis C. LaCour, U. S. Atty., Richard M. Olsen, Horace P. Rowley, III, Asst. U. S. Attys., New Orleans, La., for the United States.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

GODBOLD, Circuit Judge:

This is an appeal from a jury conviction of bank robbery. The appellant appears pro se, this court having granted his motion to relieve his court-appointed counsel and to proceed pro se.

Pursuant to new Rule 18 of the rules of this Court, we have concluded on the merits that this case is of such a character as not to justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 409 F.2d 804 (5th Cir. 1969).

Appellant was identified by government witnesses (bank employees) at a lineup conducted November 28, 1966. He had no counsel present and was not advised of his right to have counsel present. In Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), the Supreme Court held that United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), were not to be applied to lineups held prior to the date of those three decisions, which was June 12, 1967.

Appellant urges that the identification procedure of the lineup did not accord with standards of due process, Stovall v. Denno, *supra;* United States v. Sanders, 5th Cir. 1969, 412 F.2d 854 [June 17, 1969], and makes the same point concerning pretrial use of photographs to identify him. The lineup was not "so unnecessarily suggestive and conducive to irreparable mistaken identifi-

cation that [appellant] was denied due process of law," 388 U.S. at 302, 87 S.Ct. at 1972, 18 L.Ed.2d at 1206. The same is true of the use of photographs. The matters of which appellant complains go to the credibility of the government's witnesses and their identification of appellant and were vigorously pursued on examination of the witnesses and in oral argument by defense counsel.

■ There is no merit in the contention that a court order was required before a lineup could be conducted. Cf. United States ex rel. Stovall v. Denno, 355 F.2d 731 (2d Cir. 1966) (dissenting opinion).

■ There was no error in failure of the prosecution to reveal the name of a possible defense witness. A bank employee testified that during the robbery he saw a customer [or customers] at the drive-in teller's window, and this person [or persons] "saw the two robbers leave." There was no request to disclose the names of witnesses. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). There has been no showing that the government knew the identity of the customer, or customers, at the drive-in window or even knew of their presence before the above testimony was given at trial.

■ During oral argument, responding to defense oral argument that the lineup identifications were not credible, the prosecutor said this:

Let's bring us now down to the subject of the lineup. Whether or not that was a fair lineup, whether his client was afforded a fair opportunity to be placed in the lineup among people of similar characteristics. Mr. Phillips was at the lineup, he knows who was there, he knows who the men were that were standing next to him. If he had any complaint about anything that happened at that lineup in any way, I am sure he would have called this fact to his counsel's attention, who would call upon the government, again, to show or to produce to you the names and persons who

appeared in that lineup, to see if it was unfair, if Mr. Phillips was apparently satisfied with the manner and the conduct in which the lineup was made.

This is not, as claimed by appellant, a comment upon his failure to testify.

■ Appellant has made a scattershot attack on competency of his retained trial counsel. The record before us adequately presents this only insofar as the conduct of the trial itself is concerned. Appellant's other claims concerning alleged inadequacy of counsel raise matters not presented at all, or only fragmentarily, by this direct appeal record. Therefore, we reach the counsel issue only to the extent of holding that appellant's claim of incompetent counsel, insofar as it is based solely on conduct of the trial, is without merit. This decision is without prejudice to appellant's right to raise by a § 2255 petition the claim of alleged incompetent counsel, and if he has any evidence supporting the claim to have that evidence considered separately and cumulatively with events at trial. What we decide on this appeal is that on the record of events at trial alone appellant's claim is without merit.

■ Appellant moved for a new trial, alleging newly discovered evidence. The motion was denied. He has not briefed this issue, but since he appears pro se we refer to it. By affidavits he sought to show that a co-defendant, who pleaded guilty and subsequently was killed in prison, had made a dying declaration of appellant's innocence and would have testified at the trial that appellant was not one of the bank robbers, and that the co-defendant had sent a letter to this effect to the United States Attorney before the trial. The trial judge heard this matter on the affidavits filed by appellant, the United States attorney, and the trial defense counsel, and made lengthy findings. We find no error in his denial.

Affirmed.