UNITED STATES of America,
Plaintiff-Appellee,

v.

Russell JUSTICE, Defendant-Appellant.
No. 29130
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
July 28, 1970.

Robert M. Alton, Jr., Alton, Curlee & Leavell, Wendell R. Morgan, Montgomery, Ala., for appellant.

Ira DeMent, U. S. Atty., D. Broward Segrest, Asst. U. S. Atty., Montgomery, Ala., for appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

AINSWORTH, Circuit Judge:

■ Appellant Russell Justice was convicted upon trial by jury on a one-count indictment charging him with falsely making, forging and counterfeiting, in its entirety, an order purporting to be a money order issued by the Post Office Department of the United States in the amount of $75, in violation of 18 U.S.C. § 500.[1] The Court sentenced him to two years' imprisonment from which he appeals, alleging numerous errors, all of which are without merit. We affirm.

On March 28, 1968, the Edgewood Station Post Office at Columbus, Georgia, was burglarized. Among the items stolen were 505 money order blanks numbered in sequence, and a validating stamp customarily used by the postal clerk in filling out the blanks. Subsequently Claude Johnson Lynn, Jr. and his uncle purchased the money order blanks from an unidentified source. Lynn thereafter contacted defendant Justice relative to passing the money orders. Several of these instruments were later forged and cashed. In separate proceedings Lynn pled guilty to the offense. He later testified for the Government in the present case. Lynn recounted an escapade of forging and passing several money orders in which he, appellant and others participated. The offense with which appellant Justice was charged was the forging of one of these instruments, identified herein by its last three digits, 506, and as Government Exhibit One.

Appellant contends that the evidence elicited by the Government was insufficient to support his conviction. Six of the money orders were introduced in evidence. Lynn, the accomplice, testified that he and appellant cashed all six of the instruments after he, Lynn, had endorsed them, that appellant filled in the face of four of them—Government Exhibits One, Two, Five and Six—and cashed Money Order Exhibit No. Three at a Kwik-Chek store. An expert positively identified the fingerprints of appellant on Exhibits One and Three. The manager of a Winn-Dixie Kwik-Chek store in Montgomery, Alabama, testified that Exhibit Two was cashed by appellant at his store. He identified appellant from fifteen or twenty photographs exhibited to him by a postal inspector, and also pointed him out in the courtroom. A handwriting expert testified that Lynn had endorsed Exhibits One through Six, and that the handprinting on the face of the instruments was that of two people. Although he was unable positively to identify the handprinting as that of appellant, he was not able to

---

1. We have concluded on the merits that this case does not justify oral argument. Therefore, we have directed the Clerk to place the case on the Summary Calendar and to notify the parties of this action. 5 Cir.R. 18.

eliminate that possibility. Another witness, an employee of Davis Drug Store in Montgomery, Alabama, tentatively identified appellant as the person who cashed Money Order No. 506, the money order on which the indictment was based, although on cross-examination she said she very probably could be mistaken. Lynn testified that appellant was with him in the Davis Drug Store when he, Lynn, cashed Money Order No. 506. Thus there is direct evidence that the subject money order was stolen, forged in its entirety, that appellant was present when the instrument was cashed, and that his fingerprints appeared thereon. There was also evidence, in addition to that adduced from the accomplice Lynn, that appellant cashed at least one of the stolen money orders and that his fingerprints appeared on two of them.

Appellant contends that Lynn's testimony is contradictory to information contained in two statements made by him prior to the trial to postal authorities. At the trial Lynn admitted that he had lied in the first statement but that the second statement was truthful. Although the testimony of Lynn indicates a lack of articulation, the story which he recounted conforms generally with the evidence of the other Government witnesses.

Appellant testified that he met Lynn at Lynn's request for the purpose of selling encyclopedias to military personnel. Lynn asked him to cash two or more money orders. Appellant examined the instruments, handled them, but refused to cash them. Instead, he lent Lynn $50. The next morning appellant, in his car, followed Lynn, Jenkins and another man to a drugstore. Lynn entered the store alone and later returned with some money and repaid appellant. Appellant then returned to his home in Columbus, Georgia. He denied ever filling out Money Order 506 or any other money order. He voluntarily submitted handwriting exemplars and consented to being fingerprinted. On cross-examination he admitted a prior Dyer Act conviction.

Despite Lynn's admission of having given prior inconsistent statements, the jury apparently found his trial testimony credible, supported as it was by competent evidence from other witnesses, and rejected appellant's version of his meeting with Lynn. The resolution of the credibility of witnesses is of course within the province of the jury. Tillman v. United States, 5 Cir., 1969, 406 F.2d 930, 939; Mims v. United States, 5 Cir., 1967, 375 F.2d 135, 140. Considering the evidence in the view most favorable to the Government, Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942); Tillman v. United States, *supra,* we cannot say that it lacked evidentiary support for a finding that appellant Justice not only aided and abetted his accomplice in the crime but that he actively participated in it.

Appellant next contends that the Court erred in permitting the Government to question him about former arrests for bad check charges and in admitting evidence relative to money orders which were not charged in the indictment. When appellant denied that he had been convicted of any other offenses, objections to questions concerning former arrests were sustained. The Court later correctly charged the jury that evidence of a previous conviction was admitted for the purpose of impeachment only. United States v. Sanders, 5 Cir., 1969, 412 F.2d 854, 855; Daniel v. United States, 5 Cir., 1959, 268 F.2d 849, 852. It is elementary that a defendant who willingly takes the stand is subject to impeachment as is any other witness. Sharp v. United States, 5 Cir., 1969, 410 F.2d 969, 970. Likewise, there was no error in the Court's allowing evidence relative to the other money orders. The Court properly instructed the jury that this evidence was not to be considered as proof of the act with which appellant was charged but only in determining the intent and state of his mind. This follows the general rule of law that evidence of other offenses which are similar in nature and not too remote

from the offense charged is admissible to show criminal intent where intent is in issue. Weiss v. United States, 5 Cir., 1941, 122 F.2d 675, 682; Miller v. United States, 5 Cir., 1968, 397 F.2d 272, 273.

 There was ample proof that appellant participated in completing the forgery of the instrument with intent to defraud the Government. It is immaterial that a separate offense of forging an endorsement was committed by another person.[2]

Affirmed.

---

2. Also devoid of merit is the contention that the Court prejudiced defendant by questioning Lynn out of the presence of the jury on the first day of the trial concerning his having had lunch with defendant on that day, and the subsequent revocation by the Court of appellant's bond for the remainder of the trial.