UNITED STATES of America,
Plaintiff-Appellee,

v.

James SIMS, Defendant-Appellant.

No. 28587

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 11, 1970.

James A. Elkins, Jr., Columbus, Ga. (Court-appointed), for defendant-appellant.

William J. Schloth, U. S. Atty., D. L. Rampey, Jr., Charles B. Pekor, Jr., Asst. U. S. Attys., Macon, Ga., for plaintiff-appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

Sims and a co-defendant, L. C. Ingram, were jointly tried under an indictment in 6 counts, as to which each count charged one or both men, on April 18, 1969 or May 17, 1969 with violations of Title 26, U.S.C., Sections 5205(a) (2) and 5604 (a) by reason of the sale, possession or transfer of non-tax paid distilled spirits.

The jury convicted Sims jointly with Ingram under Count Two for possession, on April 18, of non-tax paid spirits, and under Count Three jointly with Ingram for transfer of non-tax paid spirits on April 18. Count One charged Ingram

---

* ▉ Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F. 2d 409, Part I.

with sale on April 18, and Count Four charged appellant with sale on April 18. As to these two counts, Ingram was acquitted under Count One and Sims was convicted under Count Four. Sims was also charged alone and convicted on Counts Five and Six, which charged him with two May 17 offenses, possession and sale respectively, of non-tax paid spirits. Thus Sims stood convicted by the jury of five counts of felony violations. The punishment imposed upon Sims consisted of five concurrent 18 month confinement sentences. This appeal was timely taken from the judgment and sentence, seeking reversal on three grounds of claimed error. We find the appeal to be without merit and affirm.

The first contention is that appellant was prejudiced when the trial judge excluded from evidence during the presentation of Sims' case a certified copy of indictment and sentence of a government witness, Samuel Nash. On direct examination Nash stated that he had been convicted of a felony, manslaughter, in 1952. The witness testified during cross-examination that in 1952 he had killed an Earline Stanley, whom he had known for two or three years, that he had originally been indicted for murder, that he had entered a plea of guilty to voluntary manslaughter, and been sentenced in 1952 to confinement for eight to twelve years.

■ The trial judge excluded the exhibit when it was offered, ruling that since the witness had fully admitted the conviction, exhibition of the indictment and sentence to the jury was unnecessary. Sims relies on the evidentiary rule followed in Georgia courts, as expounded in Rewis v. State, 109 Ga.App. 83, 134 S.E.2d 875 (1964), to the effect that certified copies of the indictment and sentence are the best evidence of prior conviction of a felony. This reliance is not warranted. Reception of evidence in criminal trials in federal courts is governed, under Rule 26, F.R.Crim.P., "by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and

experience". Full admission of the charges and the punishment imposed satisfied these standards under a long line of decided cases. See for example, the leading case of Williams v. United States, 8 Cir. 1924, 3 F.2d 129, and numerous cases decided by this Court including Bendelow v. United States, 5 Cir. 1969, 418 F.2d 42; United States v. Sanders, 5 Cir. 1969, 412 F.2d 854; Beaudine v. United States, 5 Cir. 1966, 368 F.2d 417.

We point out additionally that even if the Georgia rule was applicable no possible prejudice to Sims resulted from the ruling complained of.

■ The appellant's second contention is that Sims was denied the Sixth Amendment right of confrontation when an inculpatory statement of the co-defendant Ingram implicating Sims was received in evidence against Ingram. In the first place, the record shows that the written statement of Ingram was not received until all references to Sims had been deleted. See Posey et al. v. United States, 5 Cir. 1969, 416 F.2d 545. Ingram took the stand and denied making the statement. Appellant misconstrues the holding of Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968) as applicable to this case. This was not a *Bruton* situation, as Sims had a full opportunity to cross-examine Ingram when Ingram took the stand in his own defense. Baker v. Wainwright, 5 Cir. 1970, 422 F.2d 145; Wade v. Yeager, 3 Cir. 1969, 415 F.2d 570; United States v. Ballentine, 2 Cir. 1969, 410 F.2d 375.

Finally, Sims asserts that he was prejudiced when the court failed to give a precautionary instruction to the jury, at the time it came into evidence, that the written confession of Ingram should not be weighed by the jury in determining the guilt of Sims. As pointed out above, all references to Sims had been excised from the written statement before it was received. Additionally the trial judge did instruct the jury in his general charge: "I charge you further that a confession made by one defendant may not be considered as evidence against an-

other defendant who was not a party to such a confession".

Under these circumstances we would not hesitate to hold that failure to give the precautionary instruction in the absence of a request therefor, at the time the statement was received, was harmless error.

Inasmuch, however, as Sims received concurrent 18 month sentences under Counts Five and Six, and conviction under these counts was free from possible taint by the Ingram statement, it is unnecessary to reach this point. Lawn v. United States, 355 U.S. 339, 78 S.Ct. 311, 2 L.Ed.2d 321 (1958); Hirabayashi v. United States, 320 U.S. 81, 105, 63 S.Ct. 1375, 1387, 87 L.Ed. 1774, 1788 (1943); Davis v. United States, 5 Cir. 1967, 385 F.2d 919; Lopez v. United States, 5 Cir. 1966, 370 F.2d 8. Cf. Benton v. Maryland, 395 U.S. 784, 787–791, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).

The conviction and concurrent sentence are fully sustained by the untainted convictions under Counts Five and Six.

Affirmed.