**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Fred Loyd HAYES and Kenneth Ray
McMaster, Defendants-Appellants.**

**No. 71–1165.**

United States Court of Appeals,
Fifth Circuit.

June 17, 1971.

Rehearing Denied July 14, 1971.

Grady Inzer, Longview, Tex., for defendants-appellants.

Roby Hadden, U. S. Atty., Tyler, Tex., David J. W. Vanderhoof, Monica Gallagher, Attys., Crim. Section, Civil Rights Div., Dept. of Justice, Washington, D. C., Jerris Leonard, Asst. Atty. Gen., David L. Norman, Deputy Asst. Atty. Gen., Robert S. Greenspan, Atty., Civil Rights Div., U. S. Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before AINSWORTH, INGRAHAM and RONEY, Circuit Judges.

AINSWORTH, Circuit Judge:

Appellants, Hayes and McMaster, have appealed their conviction on a two-count indictment in connection with dynamiting of 33 Longview School District buses on July 4, 1970. They are charged first with violation of 18 U.S.C. § 241 relative to conspiracy to injure a citizen in the free exercise of any right secured under the Constitution or laws of the United States, to-wit, the right to attend school without regard to race or color, pursuant to which defendants dynamited the School District's buses to prevent transportation of Negro students to school; and secondly, with violation of 18 U.S.C. § 1509 relative to a wilful attempt by threats or force to interfere with the exercise of rights under any decree of a court of the United States in that they interfered with the School District by dynamiting its buses and preventing the transporting of Negro students to school.

Appellants were part of a group of white residents of Longview, Texas, who allegedly feared a "revolution" of black members of the community, and were concerned with events in connection with public school integration. The group met frequently to discuss and prepare for their defense against the purported forthcoming Negro uprising. Lethal weapons, such as cannon, mortar, hand grenades, Molotov Cocktails, gun powder, and dynamite, were secured by the group for future use. The ammunition was secreted in large quantities in appellant Hayes' garage and at an outlying farm area. Several experiments were conducted by members of the group in the use of the explosives.

At the trial evidence was adduced through fellow members of the Longview group and other Longview residents about appellants' participation in the conspiracy to prepare for the counterattack. It was shown that defendant Hayes, on June 25, 1970, dynamited a house purchased by a Negro woman in a white neighborhood. There was also testimony that defendant Hayes and one

of the coconspirators constructed "booby traps" by placing dynamite in flashlight cases, wiring an electric cap to a battery which was then connected to the flashlight switch. The device was designed to explode when the switch was turned on. Hayes, McMaster and two coconspirators then took the devices and drove to a Negro residential neighborhood in Nacogdoches, Texas, where Hayes and one of the other men placed two of the "booby traps." The evidence also showed that following the issuance of a federal court order by Judge Fisher on June 17, 1970, approving the busing of Negro students to all-white schools, appellants and other members of the group formulated a plan to impede the transportation of the students to the Longview schools by dynamiting the buses. The plan was carried out and on July 4, 1970, under cover of darkness, charges of dynamite were set beneath the buses and exploded, causing serious damage to the vehicles and the parking area.

Appellants contend that evidence relative to extraneous events prior to the bus bombings, which we have heretofore discussed, was inadmissible.

■ Evidence of bombing of the dwelling and the placing of "booby trap" flashlights was properly admitted for the purpose of proving a consistent pattern of conduct relevant to the issue of intent. United States v. Pittman, 5 Cir., 1971, 439 F.2d 906; United States v. Justice, 5 Cir., 1970, 431 F.2d 30, 32–33; United States v. Smith, 5 Cir., 1970, 433 F.2d 1266, 1270; Gilstrap v. United States, 5 Cir., 1968, 389 F.2d 6, 9. The incidents referred to were closely related in time and character to the school bus dynamiting incident. See United States v. Justice, supra; Miller v. United States, 5 Cir., 1968, 397 F.2d 272, 273; Lindsey v. United States, 5 Cir., 1955, 227 F.2d 113, 117.

■ Appellants also urge that error was committed by alleged prejudicial remarks of the prosecutor in his final argument to the jury. He remarked that a child had asked him, "Why did those men bomb those buses?" Later in his argument the prosecutor said, "There is no doubt in anybody's mind in this court room that they are guilty." An objection was made and sustained to the latter remark. In his charge, the District Judge instructed the jury that statements and arguments of counsel are not evidence, and that they were to consider only evidence in the case. In regard to the prosecutor's reference to a child's question, there was no testimony by any child at the trial. However, no timely objection to the remark was made by defense counsel. Since we find no plain error in the prosecutor's comments, any alleged impropriety was waived by counsel's failure to object. See United States v. Fuentes, 5 Cir., 1970, 432 F.2d 405, 409; Rotolo v. United States, 5 Cir., 1968, 404 F.2d 316, 317, Because of the overwhelming evidence of guilt, it can hardly be said that appellants were prejudiced in the minds of the jury by the prosecutor's comments. Even taking the view most favorable to appellants, such remarks do not constitute the type of "obvious and substantial" error which would be grounds for reversal. Sykes v. United States, 5 Cir., 1966, 373 F.2d 607, 612; United States v. Fuentes, supra.

Finally, appellants complain of ineffective and incompetent trial counsel. Their principal defense attorney, Mr. Tunnell, was admitted to the Texas Bar in 1948, elected County Attorney in 1950, in which capacity he served for eight years, appointed Assistant United States Attorney in 1958, and then United States Attorney in 1961. Co-counsel, Mr. Gibson, was admitted to the Texas Bar in 1927. He testified that he served part of four terms as a county judge. The record negates the contention of incompetent or ineffective counsel. On the contrary, it shows that defendants were vigorously represented.

■■ A decision was made that defendants were not to testify at the trial. They now contend that the decision was made by their defense counsel contrary

---

---

---

to their wishes. They contend, through new counsel on appeal, that original defense counsel failed to prepare adequately for trial, briefed no law, did not ascertain "readily available" impeaching evidence of government witnesses, and failed to call available character witnesses for defendants. Both attorneys were retained counsel, thoroughly experienced and competent in the law. That their trial strategy was unsuccessful is no reason for appellants to prevail here in their request for a new trial. The rule is that effective counsel "does not mean errorless counsel or counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance." Williams v. United States, 5 Cir., 1971, 443 F.2d 1151; MacKenna v. Ellis, 5 Cir., 1960, 280 F.2d 592, 599. Applying this criteria to the facts in this case, we cannot conclude that appellants were deprived of effective representation of counsel.

We have reviewed each and every error complained of on this appeal and find them to be without merit. Accordingly, the judgment and conviction is as to each defendant.

Affirmed.

Kalodner, Circuit Judge, dissented and filed opinion.