58743. WARE v. THE STATE.

BANKE, Judge.
The defendant was indicted for aggravated assault and convicted of simple battery. The charge arose out of his refusal to heed the directions of a Georgia Power Company employee who was directing traffic away from a street where excavation work was being done. Following an argument, the defendant allegedly hit the victim with his van. The defendant appeals from the denial of his motion for new trial. *Held:*

1. The defendant contends that he was denied a fair trial due to the state's failure to disclose, in response to his Brady motion, the fact that the victim had previously received a first-offender sentence for a violation of the Georgia Controlled Substances Act. It appears that the prosecutor did not have this information in his files and that he did not otherwise learn of it until after the trial. Since the information was a matter of public record, it is clear under these circumstances that he had no duty to

provide it to the defendant. See *Fouts v. State,* 240 Ga. 39 (4), 45 (239 SE2d 366) (1977). See also *Hicks v. State,* 232 Ga. 393 (207 SE2d 30) (1974); *Rini v. State,* 236 Ga. 715 (4) (225 SE2d 234) (1976); *Jackson v. State,* 145 Ga. App. 526 (1) (244 SE2d 49) (1978).

In addition, it has not been demonstrated that the defendant was harmed in any way by the absence of the information. "A defendant assigning error upon the denial of a 'Brady motion' . . . must show that '. . . the suppressed evidence might have affected the outcome of the trial.' United States v. Agurs, 427 U. S. 97, 104 (96 SC 2392, 49 LE2d 342) (1976)." *Dickey v. State,* 240 Ga. 634, (1), 636 (242 SE2d 55) (1978). See also *Ivey v. State,* 147 Ga. App. 227 (3) (248 SE2d 334) (1978). The defendant in this case has not indicated whether the victim's violation of the Controlled Substances Act was a felony or whether it was otherwise a crime involving moral turpitude. While a first-offender record is admissible for purposes of impeachment even though no conviction actually results (*Favors v. State,* 234 Ga. 80 (3) (214 SE2d 645) (1975)), the crime committed must involve moral turpitude in order for the evidence to have any impeachment value in the first place. See *Duke v. Meyers,* 86 Ga. App. 271 (71 SE2d 297) (1952), and cits. Thus, in the absence of a showing of the specific offense committed by the victim, the defendant has not met his burden of demonstrating that he was denied a fair trial.

2. The trial court did not err in excluding certain testimony by which the defendant sought to prove that the city had not issued Georgia Power a permit to close the street in question. This evidence was irrelevant to the issue of whether the defendant had committed a battery against the victim by hitting him with his car. It was also irrelevant to disprove the victim's testimony that he had *been told* that Georgia Power had obtained such a permit.

*Judgment affirmed. McMurray, P. J., and Underwood, J., concur.*

SUBMITTED OCTOBER 16, 1979 — DECIDED NOVEMBER 2, 1979.

*Marvin S. Arrington,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Savannah L. Potter, Assistant District Attorney,* for appellee.